James Arthur **MOLITOR**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 526–92.

Court of Criminal Appeals of Texas, En Banc.

Sept. 22, 1993.

Paul Decuir, Jr., Burnet, for appellant.

Ken Anderson, Dist. Atty., Sally Ray, Asst. Dist. Atty., Georgetown, Robert Huttash, State's Atty., Austin, for the State.

### OPINION ON MOTION TO ABATE APPEAL

CAMPBELL, Judge.

Appellant was convicted by a jury of the offense of murder. The jury assessed punishment at life.

Appellant's conviction was affirmed by the Court of Appeals. *Molitor v. State,* 827 S.W.2d 512 (Tex.App.—Austin 1992). We granted appellant's petition for discretionary review. In an opinion delivered on June 16, 1993, we reversed the judgment of the court

of appeals upon concluding that court had erroneously upheld the trial court's refusal to submit appellant's requested jury instruction on the lesser included offense of criminally negligent homicide. *Molitor v. State* (Tex. Cr.App. No. 526–92, delivered June 16, 1993).

The State has filed a motion to abate the appeal. Attached to the motion is a certified copy of appellant's certificate of death. The certificate recites that appellant died on March 31, 1993.

The death of an appellant during the pendency of an appeal deprives both this Court and the court of appeals of jurisdiction. See *Garcia v. State*, 840 S.W.2d 957 (Tex.Cr.App. 1992). Under these circumstances, the appropriate disposition is the abatement of the appeal. Tex.R.App.Pro. Rule 9(b). Accordingly, the State's motion for rehearing is dismissed, the prior opinion is withdrawn, and the appeal is permanently abated.