TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00590-CR







James Edward Reed, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF DALLAS COUNTY, 194TH JUDICIAL DISTRICT


NO. F-9363925-QM, HONORABLE F. HAROLD ENTZ, JR., JUDGE PRESIDING








 A jury found appellant James Edward Reed guilty of the offense of capital murder. 
Tex. Penal Code Ann. § 19.03 (West 1994). Because the State did not seek the death penalty,
the mandatory statutory penalty of life imprisonment was assessed. Tex. Penal Code Ann. §
12.31(a) (West 1994). Appellant presents four points of error in which he asserts that the trial
court erred in refusing to suppress appellant's written confession, the evidence is insufficient to
support the jury's verdict, and appellant was denied effective assistance of counsel. We will
overrule appellant's points of error and affirm the judgment of the trial court.

 The murder victim Leisa Dayana Bussert was a 23 year-old bible college student
who also worked at the Red Bird Shopping Mall. Early in the evening the night of her death, the
victim had accompanied her boyfriend Randy Hines to look at a house he contemplated buying. 
The couple, who were considering marriage, wanted to discuss Hines's purchase of the house. 
At about 9:30 p.m., they decided to park in a large well-lighted Dallas Area Rapid Transit parking
lot. They both had roommates and because they wanted to discuss the house purchase privately,
they parked in the lot where they thought they would be safe. At about 11:00 p.m., Hines saw
a man, who he identified as appellant, approach the passenger side of the car. Appellant
demanded that the couple give him their money. Hines took all the money he had--eight
dollars--from his wallet, and appellant grabbed the money with his left hand. Appellant pointed
a handgun directly at Hines and told him to drive forward and not to look back. Then appellant
quickly told them to give him their keys, jewelry, and watches. Although Hines had a watch, he
did not give it to appellant and he did not see the victim give appellant her watch. Hines started
his car and appellant who had been leaning on the car, stood up, pointed his gun into the car
toward the victim, and fired. The victim clutching her chest exclaimed, "Randy, I've been shot." 
Turning the car, and almost hitting appellant, Hines drove immediately to the emergency room
at Charlton Methodist Hospital. About one-half hour later a nurse told Hines that the victim was
dead.

 Hines saw only the appellant, and no evidence, other than appellant's confession
and his trial testimony, suggests that appellant had an accomplice. Appellant testified that John
Cornelius was his accomplice. In his confession, appellant says that he walked up to the car with
a gun and obtained a watch and money from the occupants of the car, and as he started to back
away from the car his gun went off. He also said, in the confession, that he did not mean to hurt
anyone. Appellant testified that his accomplice took the victim's watch. However, appellant, in
his testimony, admitted that soon after the robbery, he had in his possession the victim's watch
and attempted to sell it to an acquaintance for $10. Appellant testified he was a cook at Wyatt's
Cafeteria in the Red Bird Shopping Mall, but said he did not know either Hines or the victim. 
The victim, who worked in the mall, ate several meals each week in Wyatt's Cafeteria in the Red
Bird Shopping Mall.

 In his first point of error, appellant contends that the trial court erred in refusing
to suppress appellant's written confession because it was the fruit of an unlawful arrest. Appellant
made the confession in his own handwriting. The trial court granted appellant a pretrial hearing
on his motions to suppress the confession. In two motions to suppress, appellant alleged that the
handwritten confession was not admissible in evidence because it was obtained as a result of
"coercion" and because he was not "warned of his statutory and constitutional rights." In his
motions to suppress, appellant did not allege that his confession resulted from an unlawful arrest. 
Although appellant states in his appellate brief that his second motion to suppress "suggested that
the statement was obtained in violation of the Appellant's Fourth Amendment rights . . . R 1-50-54)," that motion does not mention the Fourth Amendment; it mentions "the Fifth, Sixth and
Fourteenth Amendments to the United States Constitution." On the hearing of appellant's motions
to suppress, he did not urge that his confession resulted from an unlawful arrest. The trial court
denied appellant's motions to suppress. During the trial when appellant's handwritten confession
was offered in evidence before the jury, defense counsel affirmatively stated: "No objection." 
The trial court admitted the confession.

 To properly preserve an issue for appellate review, a defendant must make a timely
request, objection, or motion, stating the specific grounds for the ruling he desires the trial court
to make and the defendant must also obtain a ruling on his request, objection, or motion. Tex.
R. App. P. 52(a); Tex. R. Crim. Evid. 103; see Ethington v. State, 819 S.W.2d 854, 858-59
(Tex. Crim. App. 1991). In order for an issue to be preserved for appellate review, there must
be a timely objection which specifically states the legal basis for the objection. Rezac v. State,
782 S.W.2d 869, 870 (Tex. Crim. App. 1990). An objection stating one legal basis may not be
used to support a different legal theory on appeal. Id.; Sterling v. State, 800 S.W.2d 513, 520-21
(Tex. Crim. App. 1990). The objection must be made at the earliest opportunity and the point
of error on appeal must correspond to the objection made at trial. Martinez v. State, 867 S.W.2d
30, 35 (Tex. Crim. App. 1993). Moreover, when a defendant affirmatively asserts during trial
that he has "no objection" to the admission of the complained-of evidence, he waives any error
in the admission of that evidence. James v. State, 772 S.W.2d 84, 97 (Tex. Crim. App. 1989);
Gearing v. State, 685 S.W.2d 326, 329 (Tex. Crim. App. 1985). Appellant's first point of error
was not preserved for review in the trial court and it is therefore overruled.

 In his second point of error, appellant asserts that the evidence is neither factually
nor legally sufficient to prove he had the required intent to kill the victim. In reviewing the legal
sufficiency of the evidence, the test is whether, after viewing the evidence in the light most
favorable to the prosecution, any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Moreno
v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). In this point of error, appellant singles
out the element of intent. All of the evidence concerning this element of the offense must be
examined in the light most favorable to the verdict and then we must determine whether any
rational trier of fact could find that appellant had the intent to kill. Cf. Blankenship v. State, 780
S.W.2d 198, 207 (Tex. Crim. App. 1989). A pistol is a deadly weapon per se. Bell v. State, 501
S.W.2d 137, 138 (Tex. Crim. App. 1973). Intent to kill may be inferred from the use of a deadly
weapon in a deadly manner. Godsey v. State, 719 S.W.2d 578, 580-81 (Tex. Crim. App. 1986). 
Further, "[i]f a deadly weapon is used in a deadly manner, the inference is almost conclusive that
[the defendant] intended to kill . . . ." Id. at 581; Adanandus v. State, 866 S.W.2d 210 (Tex.
Crim. App. 1993). Flight indicates a consciousness of guilt and is a circumstance from which
guilt may be inferred. Earhart v. State, 823 S.W.2d 607, 616 (Tex. Crim. App. 1991).

 The evidence shows that appellant armed with a handgun intentionally robbed the
victim and her companion. After robbing the couple, appellant at close range fired the pistol into
the victim's chest inflicting the fatal wound. Appellant then fled. Any rational trier of fact, the
jury in this case, could have found the evidence sufficient to support a finding that appellant acted
with the intent to kill. See Wilkerson v. State, 881 S.W.2d 321, 323-24 (Tex. Crim. App. 1994). 
We hold that the evidence is legally sufficient and ample to show the appellant had the intent to
kill the victim.

 In the same point of error, appellant states that the evidence is factually insufficient
to prove he had the intent to kill the victim. Other than making the statement of factual
insufficiency in the point of error, appellant makes no argument and cites no cases dealing with
factual insufficiency. Legal sufficiency is a federal constitutional right. Factual sufficiency in
criminal cases is a state right, only recently announced. Clewis v. State, 922 S.W.2d 126, 134-36
(Tex. Crim. App. 1996); Stone v. State, 823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet.
ref'd, untimely filed). Because appellant has combined and alleged both federal and state errors
in one point, and not separately presented and argued factual sufficiency, it need not be reviewed. 
Martinets v. State, 884 S.W.2d 185, 188-89 (Tex. App.--Austin 1994, no pet.). See also Heitman
v. State, 815 S.W.2d 681, 690-91 n.2 (Tex. Crim. App. 1991); Sterling v. State, 800 S.W.2d
513, 521 (Tex. Crim. App. 1990); McCambridge v. State, 712 S.W.2d 499, 501 n.9 (Tex. Crim.
App. 1986); Rosalez v. State, 875 S.W.2d 705, 718 (Tex. App.--Dallas 1993, pet. ref'd). 
Nevertheless, we have examined the evidence under the factual sufficiency standard of Clewis and
Stone.

 When conducting a factual sufficiency review, we do not review the evidence in
the light most favorable to the verdict. Instead, we consider all of the evidence including the
testimony of defense witnesses and the existence of alternative hypotheses. Martinets, 884
S.W.2d at 188-89; Orona v. State, 836 S.W.2d 319, 321 (Tex. App.--Austin 1992, no pet.). We
will set aside a verdict for factual insufficiency only if it is so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust. Martinets, 884 S.W.2d at 189; Stone,
823 S.W.2d at 381.

 We now consider the additional evidence which we did not need to consider in
reviewing legal sufficiency. The murder weapon was an unsafe weapon because of a light trigger
pull. Appellant in his confession stated that: "At the time I started walking away from the car
and the gun went off. Lord know's [sic] I didn't mean to hurt anyone." Appellant testified that
he thought the gun, which was not his and with which he was not familiar, was a "starter pistol,"
and that he "was backing away . . . . and the gun went off." Appellant also testified that at the
time of the robbery he was high on cocaine and drunk from having consumed a twelve pack of
beer after he got off work the evening of the robbery. Appellant testified that he worked as a
cook at Wyatt's Cafeteria and that he did not go out in front in the serving line. Acquaintances
of appellant who saw him both before and after the commission of the offense did not particularly
notice that appellant was drunk or high on drugs. Also it may be considered that appellant
deliberately committed the robbery, pointed the pistol at the victim, fired, and fled. Furthermore,
it may be inferred from the evidence that appellant shot the victim to silence a witness who may
have recognized him. In reviewing "all the evidence without the prism of 'in the light most
favorable to the prosecution'," Stone, 823 S.W.2d at 381, we conclude the verdict is not so
contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. We hold
the evidence is factually sufficient.

 In his argument under this point of error, appellant failed to cite any cases directly
concerned with either legal or factual sufficiency. He has cited only four cases; they are: Ibanez
v. State, 749 S.W.2d 804 (Tex. Crim. App. 1986); Foster v. State, 639 S.W.2d 691 (Tex. Crim.
App. 1982); Molitor v. State, 827 S.W.2d 512 (Tex. App.--Austin 1992), abated following the
death of appellant, 862 S.W.2d 615 (Tex. Crim. App. 1993); Collvins v. State, 868 S.W.2d 647
(Tex. App.--Texarkana 1985, pet. ref'd). Citing Ibanez, appellant argues that in order to prove
capital murder, the "State must prove that the defendant intentionally and knowingly killed the
deceased in the course of committing one of the enumerated felonies and that the assaultive act
which causes the death of the individual must be committed intentionally." The evidence in this
case satisfies the Ibanez holding. The thrust of appellant's argument supported by his citation of
Foster, Molitor, and Collvins is that an inference of intent to kill arising from the use of a weapon
deadly per se may be rebutted. The Court of Criminal Appeals' recent discussion of Foster is
equally applicable in this case.



In Foster we held that no rational jury could have found that the defendant intended
to kill, but the evidence in that case was very different from the evidence adduced
at appellant's trial. Admittedly, the evidence in Foster, like the evidence in
appellant's trial, showed that the defendant shot and killed his victim at close range
and that the defendant denied having the intent to kill. But in Foster, other
evidence showed that (1) the defendant and the victim had a loving relationship on
the evening of the shooting; (2) the weapon involved was defective and fired
easily, even with its safety on; (3) after the shooting, the defendant promptly
sought medical assistance for the victim and then notified the police; (4) the
defendant freely admitted handling the weapon when it discharged; and (5) he was
extremely distraught after the shooting. At appellant's trial, in contrast, there was
abundant evidence from which a rational jury could conclude he intentionally shot
Chung in the course of robbing him.



Wilkerson, 881 S.W.2d at 324. Appellant has failed to rebut the inference to be drawn from his
shooting the victim at close range with a weapon deadly per se. Furthermore, appellant fled from
the scene of the murder and hid the gun. Also, the evidence permits an inference appellant
intended to kill the victim because she knew where he worked and would identify him. 
Appellant's second point of error is overruled.

 In his third point of error, appellant urges that the evidence "was both factually and
legally insufficient to prove that the appellant killed the complainant while in the course of
committing robbery of complainant." The crux of appellant's argument is that the evidence
showed he was engaging in the robbery of Hines, but not the victim. The indictment alleged that
appellant killed the victim while in the course of robbing her, and the court instructed the jury that
in order to convict appellant of capital murder, it must find that appellant killed the victim in the
course of robbing her. When we apply the tests for both legal and factual sufficiency as they
were discussed in our disposition of appellant's second point of error, the evidence is both legally
and factually sufficient. In his confession appellant stated: "At that time the people in the car
gave up 1 watch & money." In his trial testimony, appellant testified that his claimed accomplice
took the watch from the victim. Appellant admitted that soon after the robbery he attempted to
sell the watch to an acquaintance for $10. If appellant had an accomplice who took the watch, in
the circumstances of this case, appellant would be guilty of robbing the victim. Appellant's third
point of error is overruled.

 In his fourth point of error, appellant declares that he was denied the effective
assistance of counsel. To show ineffective assistance of counsel, appellant must show that: (1)
trial counsel's performance was deficient, in that counsel made such serious errors that he was not
functioning effectively as counsel; and (2) the deficient performance prejudiced the defense to such
a degree that appellant was deprived of a fair trial. Strickland v. Washington, 466 U.S. 668, 687
(1984); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); Shaw v. State, 874
S.W.2d 115, 118 (Tex. App.--Austin 1994, pet. ref'd); O'Hara v. State, 837 S.W.2d 139, 143
(Tex. App.-- Austin 1992, pet. ref'd). Counsel's performance is to be judged by the "totality of
representation" provided. Strickland, 466 U.S. at 690; Butler v. State, 716 S.W.2d 48, 54 (Tex.
Crim. App. 1986). In deciding an ineffective-assistance claim, this Court must judge the
reasonableness of counsel's challenged conduct on the facts of the particular case, viewed at the
time of counsel's conduct--not by hindsight. We must then determine, in light of all the
circumstances, whether the acts or omissions are outside the wide range of professionally
competent assistance. Strickland, 466 U.S. at 690. Appellant bears a heavy burden to prove his
ineffective assistance claim. Counsel is strongly presumed to have provided adequate assistance
and to have made all significant decisions in the exercise of reasonable professional judgment. 
Id. We must not look at the errors of counsel in a vacuum. As a general rule, isolated instances
in the record reflecting errors of omissions or commission do not necessarily render counsel's
representation ineffective. McFarland v. State, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992);
Ex parte Owens, 860 S.W.2d 727, 729 (Tex. App.--Austin 1993, pet. ref'd).

 Appellant argues that three instances in the record demonstrate defense counsel's
ineffectiveness. First, appellant says that trial counsel rendered ineffective assistance by his
failure to object to the application paragraph of the jury instructions because that paragraph did
not require a finding of specific intent to kill. The court instructed the jury:



 Our law provides that a person commits the offense of murder when he
intentionally causes the death of an individual. A person commits the offense of
capital murder when the person commits murder as defined above during the
course of committing or attempting to commit the offense of robbery.


 To warrant a conviction of the defendant of capital murder, you must find
from the evidence beyond a reasonable doubt not only that on the occasion in
question the defendant was engaged in the commission or attempted commission
of the felony offense of robbery of Leisa Dayana Bussert, as defined in this charge,
but also that during the commission of the robbery or attempted commission
thereof, if any, the defendant shot Leisa Dayana Bussert with the specific intention
of thereby killing her. Unless you find from the evidence beyond a reasonable
doubt that the defendant, on said occasion, specifically intended to kill the said
Leisa Dayana Bussert when he shot her, if he did shoot her, you cannot convict
him of the offense of capital murder.


 You are instructed that the phrase "specific intent to kill" or the "specific
intention of killing" means that it was the defendant's conscious objective or desire
to cause the death of the deceased.


* * * * *



 Now, if you find from the evidence beyond a reasonable doubt that on or
about the 6th day of July, 1993, in Dallas County, Texas, the defendant, James
Edward Reed, did then and there intentionally cause the death of Leisa Dayana
Bussert, an individual, hereinafter called deceased, by shooting Leisa Dayana
Bussert with a firearm, and the defendant intentionally did cause the death of the
deceased while the said the defendant was in the course of committing or
attempting to commit the offense of robbery of the deceased, Leisa Dayana
Bussert, you will find the said James Edward Reed guilty of the offense of capital
murder as charged in the indictment and so say by your verdict.


 If you do not so find beyond a reasonable doubt, or if you have a reasonable
doubt thereof, you shall next consider the lesser included offense of murder.



 Appellant has not brought to our attention any authority holding it is reversible
error not to include the instruction on specific intent to kill in the application paragraph. In
reviewing jury instructions for alleged error, an appellate court is required to examine jury
instructions as a whole instead of isolated and unrelated statements. Dinkins v. State, 894 S.W.2d
330, 339 (Tex. Crim. App. 1995); Holley v. State, 766 S.W.2d 254, 256 (Tex. Crim. App.
1989); Inman v. State, 650 S.W.2d 417, 419 (Tex. Crim. App. 1983). The jury instructions
submitted, when considered as a whole, did not diminish the State's burden of proof as to the
specific mental state required for conviction of capital murder. It has not been shown that trial
counsel's performance was deficient or that appellant's defense was prejudiced by counsel's failure
to object to the instruction submitted to the jury. Trial counsel's failure to object to the
instructions does not demonstrate ineffectiveness.

 In the second instance advanced to show trial counsel's alleged deficient
performance, appellant complains that counsel failed to explore the pending drug charge of one
of the State's witnesses. William Robin was a State's witness. Robin testified that: He leased
the apartment where appellant stayed; he gave written permission to search his apartment to the
officers when they came to arrest appellant; the gun used in the robbery was his; he did not give
appellant permission to use that gun; appellant worked at Wyatt's Cafeteria in the Red Bird Mall. 
Out of the presence of the jury it was shown that sometime after the robbery and appellant's
arrest, Robin had been arrested on a drug charge. He had never been convicted of a felony. He
had never been promised leniency in his case in exchange for his testimony in appellant's case. 
An assistant public defender testified he had been appointed to represent Robin on his drug charge
and that the prosecutor had not made an offer of any kind in Robin's case. The assistant public
defender also testified that the prosecutor told him he only expected Robin to testify in accord with
the statement Robin had made after appellant's arrest and before Robin's arrest.

 Appellant correctly states that an accused is entitled to impeach a State's witness
before the jury by showing the witness has a motive to testify favorably to the State, and any type
of evidence which may tend to show the motives of the State's witnesses to fabricate testimony
must be admitted. Appellant argues that the murder weapon was recovered because of Robin's
permission to search his apartment. His argument continues that proper examination of Robin
could have produced testimony that his consent to the search was induced by a desire to obtain
a deal from the State on his pending drug charge. The flaw in this argument is that Robin gave
written consent to search his apartment before the drug charge against him was pending. 
Appellant has failed to show that further exploration of Robin's pending drug charge would have
benefitted appellant's cause. Moreover, most of Robin's testimony was corroborated by other
evidence. It has not been shown that trial counsel's representation was deficient nor that appellant
was harmed in this instance.

 Third, appellant claims his trial counsel was deficient in failing to object to the
State's argument which he says was entirely outside the record. Jury argument is proper if it is: 
(1) a summation of the evidence, (2) a reasonable deduction from the evidence, (3) an answer to
argument of opposing counsel, or (4) a plea for law enforcement. Long v. State, 823 S.W.2d 259,
267 (Tex. Crim. App. 1991); Harris v. State, 784 S.W.2d 5, 12 (Tex. Crim. App. 1989); Todd
v. State, 598 S.W.2d 286, 296-97 (Tex. Crim. App. 1980). In his argument, a prosecutor is
entitled to draw all inferences that are reasonable, fair, and legitimate. Montelongo v. State, 644
S.W.2d 710, 714-16 (Tex. Crim. App. 1980); Carter v. State, 614 S.W.2d 821, 823 (Tex. Crim.
App. 1981). The prosecutor argued: "Why he shot her? I'm not going to sit here and tell you
he recognized her, it's just one hell of a coincidence, he worked at the very restaurant that she ate
at every day . . . . She's a very pretty girl. Is it so unreasonable that he might have recognized
her? . . . All I can tell you is this, . . . Mr. Hines started up the car. Logic dictates if I'm going
to shoot someone it's the person I'm communicating with and the person that is trying to get away
by starting up the car. But what did he do? . . . He placed his arm, he broke the plane for the
first time of the window, he stuck [the gun] in . . . . And he killed her. It was intentional. It
was deliberate." There was evidence appellant worked at the Wyatt's Cafeteria in Red Bird Mall
and that the victim, who worked at the mall, ate at that Wyatt's Cafeteria at least three times a
week. It was a permissible inference from the evidence that appellant shot the victim because he
recognized her and believed that she recognized and could identify him. The argument was not
outside of the record. Accordingly, trial counsel's failure to object to this argument did not
demonstrate deficient performance.

 In determining whether appellant had effective assistance of counsel, an appellate
court must make an independent judgment based on mixed questions of law and fact. Ex parte
Owens, 860 S.W.2d at 729. We have examined the record in light of the applicable law and
conclude that on the record before us the totality of trial counsel's representation of appellant was
well within the standard required by Strickland. Appellant's fourth point of error is overruled.


 The judgment of the trial court is affirmed.



 

 Carl E. F. Dally, Justice

Before Chief Justice Carroll, Justices Davis* and Dally**

Affirmed

Filed: September 11, 1996

Do Not Publish









* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).


** Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).



at his consent to the search was induced by a desire to obtain
a deal from the State on his pending drug charge. The flaw in this argument is that Robin gave
written consent to search his apartment before the drug charge against him was pending. 
Appellant has failed to show that further exploration of Robin's pending drug charge would have
benefitted appellant's cause. Moreover, most of Robin's testimony was corroborated by other
evidence. It has not been shown that trial counsel's representation was deficient nor that appellant
was harmed in this instance.

 Third, appellant claims his trial counsel was deficient in failing to object to the
State's argument which he says was entirely outside the record. Jury argument is proper if it is: 
(1) a summation of the evidence, (2) a reasonable deduction from the evidence, (3) an answer to
argument of opposing counsel, or (4) a plea for law enforcement. Long v. State, 823 S.W.2d 259,
267 (Tex. Crim. App. 1991); Harris v. State, 784 S.W.2d 5, 12 (Tex. Crim. App. 1989); Todd
v. State, 598 S.W.2d 286, 296-97 (Tex. Crim. App. 1980). In his argument, a prosecutor is
entitled to draw all inferences that are reasonable, fair, and legitimate. Montelongo v. State, 644
S.W.2d 710, 714-16 (Tex. Crim. App. 1980); Carter v. State, 614 S.W.2d 821, 823 (Tex. Crim.
App. 1981). The prosecutor argued: "Why he shot her? I'm not going to sit here and tell you
he recognized her, it's just one hell of a coincidence, he worked at the very restaurant that she ate
at every day . . . . She's a very pretty girl. Is it so unreasonable that he might have recognized
her? . . . All I can tell you is this, . . . Mr. Hines started up the car. Logic dictates if I'm going
to shoot someone it's the person I'm communicating with and the person that is trying to get away
by starting up the car. But what did he do? . . . He placed his arm, he broke the plane for the
first time of the window, he stuck [the gun] in . . . . And he killed her. It was intentional. It
was deliberate." There was evidence appellant worked at the Wyatt's Cafeteria in Red Bird Mall
and that the victim, who worked at the mall, ate at that Wyatt's Cafeteria at least three times a
week. It was a permissible inference from the evidence that appellant shot the victim because he
recognized her and believed that she recognized and could identify him. The argument was not
outside of the record. Accordingly, trial counsel's failure to object to this argument did not
demonstrate deficient performance.

 In determining whether appellant had effective assistance of counsel, an appellate
court must make an independent judgment based on mixed questions of law and fact. Ex parte
Owens, 860 S.W.2d at 729. We have examined the record in light of the applicable law and
conclude that on the record before us the totality of trial counsel's representation of appellant was
well within the standard required by Strickland. Appellant's fourth point of error is overruled.


 The judgment of the trial court is affirmed.