Overturf v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-123-CR

     BRENTON RAY OVERTURF,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 361st District Court
Brazos County, Texas
Trial Court # 24,022-361
                                                                                                    

MEMORANDUM OPINION ON
SUA SPONTE ABATEMENT OF APPEAL
                                                                                                    

      On March 1, 1996, a jury found Brenton Overturf guilty of aggravated robbery and assessed
punishment of forty years' incarceration. Tex. Penal Code Ann. § 29.03 (Vernon 1994). 
Overturf's sentence was imposed on March 1, 1996; a motion for new trial was filed on March
19; and a notice of appeal was filed on May 30.
      The transcript was filed on June 26, 1996, and the statement of facts was filed on August 8,
1996. When no brief was timely filed, we abated the cause to the trial court for a determination
of, among other things, whether Overturf wished to continue the prosecution of the appeal and,
if so, whether he was receiving effective assistance of counsel.
      The abatement hearing was held on February 13, 1997, and a statement of facts from the
hearing was filed in this court on February 26, 1997. This statement of facts reveals that, at the
hearing, the attorney appearing on behalf of Overturf informed the trial court that he believed
Overturf had passed away. In response to this statement, the trial court instructed the attorney to
file in this court a copy of Overturf's death certificate. No further action was taken in the case
until March 19, 1997, when by letter we renewed the trial court's request that a death certificate
be filed in this court.
      On March 27, 1997, counsel representing Overturf sent us a copy of a letter from S.O.
Woods, Jr., Chairman of the State Classification Committee with the Texas Department of
Criminal Justice-Institutional Division. In the letter, Woods states that Overturf died in the
custody of TDCJ-ID on August 10, 1996. No party has presented this court with a copy of a death
certificate for Overturf.
      Overturf's death deprives this court of jurisdiction of the appeal. Molitor v. State, 862
S.W.2d 615 (Tex. Crim. App. 1993). When an appellant in a criminal case dies after the appeal
is perfected but before the mandate is issued, the appellate court shall order the cause permanently
abated. Tex. R. App. P. 9(b); see Molitor, 862 S.W.2d at 615.
      Therefore, the appeal is abated.
                                                                                     PER CURIAM

Before Chief Justice Davis, 
      Justice Cummings and
      Justice Vance
Appeal abated
Opinion delivered and filed April 9, 1997
Do not publish 



ing a challenge to the factual sufficiency of the evidence, we begin with the
assumption that the evidence is legally sufficient. Santellan v. State, 939 S.W.2d 155, 164
(Tex. Crim. App. 1997). We must view all the evidence without the prism of the “in the light
most favorable to the prosecution” construct. Clewis v. State, 922 S.W.2d 126, 129 (Tex.
Crim. App. 1996). We ask “whether a neutral review of all the evidence, both for and against
the finding, demonstrates that the proof of guilt is so obviously weak as to undermine
confidence in the jury’s determination, or the proof of guilt, although adequate if taken alone,
is greatly outweighed by contrary proof.” Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim.
App. 2000); see also Goodman v. State, 66 S.W.3d 283, 285 (Tex. Crim. App. 2001).
      The State sought to prove the prior conviction with a packet of papers prepared by the
County Clerk of Dallas County and marked as State’s Exhibit No. 3. Each page within the
packet bears a stamp purporting to be the seal of the county clerk and attesting the page to be a
“true and correct copy of the original filed in Dallas County Clerk’s office.” In addition, one
page of the packet bears an attestation signed and dated by a deputy clerk from that office. 
According to the testimony, this packet was stapled together. From this evidence we conclude
that the packet of papers relating to McCray’s prior conviction was properly certified. See
Tex. R. Evid. 902(4); Alvarez v. State, 536 S.W.2d 357, 361 (Tex. Crim. App. 1976);
Grogan v. State, 713 S.W.2d 705, 711 (Tex. App.—Dallas 1986, no pet.).
      State’s Exhibit No. 3 contains the trial court’s docket sheet, the information and
complaint, a community supervision order, and a judgment revoking community supervision. 
In addition, the exhibit contains two separate fingerprints: one on the revocation judgment; and
one on a certificate filed on the same date as the community supervision order. The judgments
and the information bear the same cause number. A witness for the State testified that
McCray’s fingerprints match those contained in State’s Exhibit No. 3. This evidence is legally
and factually sufficient to establish that McCray is the same person who was previously
convicted of assault as reflected in State’s Exhibit No. 3. See Carriere v. State, 84 S.W.3d
753, 758 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d); Gill v. State, 57 S.W.3d 540,
545-46 (Tex. App.—Waco 2001, no pet.); see also Beck v. State, 719 S.W.2d 205, 210 (Tex.
Crim. App. 1986).
      For the foregoing reasons, we conclude that the evidence is legally and factually sufficient
to prove that McCray was previously convicted of assaulting a member of his household. 
Thus, his first and second issues are without merit.
HEARSAY
      McCray contends in his third issue that the trial court abused its discretion by permitting
Officer Arriola and Officer Vaughn to testify about what the victim Rhedonda told them. He
claims in his fourth issue that the trial court abused its discretion by permitting two paramedics
to testify about what Rhedonda told them. The State responds that Rhedonda’s statements were
admissible as excited utterances and/or as statements made for purposes of medical diagnosis
and treatment.
Preservation
      McCray did not make a hearsay objection to Officer Vaughn’s testimony. He did not
make any objection to the testimony of Eddie Duran, one of the paramedics. Accordingly, he
failed to preserve these issues for appellate review as to the testimony of these witnesses. See
Tex. R. Evid. 103(a)(1); Tex. R. App. P. 33.1(a)(1); Saldano v. State, 70 S.W.3d 873, 889
(Tex. Crim. App. 2002); Haynes v. State, 85 S.W.3d 855, 859 (Tex. App.—Waco 2002, pet.
ref’d).
Excited Utterance
      Rule of Evidence 803(2) provides an exception to the hearsay rule for excited utterances. 
Tex. R. Evid. 803(2). An excited utterance is “[a] statement relating to a startling event or
condition made while the declarant was under the stress of excitement caused by the event or
condition.” Id.
      In determining whether a statement fits within this exception, we may consider the time
elapsed since the startling event or condition and whether the statement was made in response
to questioning. Zuliani v. State, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003). However,
these considerations are not necessarily dispositive. Id. The critical inquiry is “‘whether the
declarant was still dominated by the emotions, excitement, fear, or pain of the event’ or
condition at the time of the statement.” Id. at 596 (quoting McFarland v. State, 845 S.W.2d
824, 846 (Tex. Crim. App. 1992)).
      Officer Arriola testified that when he arrived at the scene Rhedonda “appeared to be
extremely upset. She was extremely excited. Her hair was disheveled. She had marks about
her face, cheeks were flushed. There was [sic] marks around her throat. Her shirt was torn in
a couple places I noticed up around the collar. And she was, again, extremely upset.” Arriola
further testified that she was shaking and “wanting to say a number of things at one time.” 
They sat down and she described the assault in detail. Although Arriola would occasionally
interject with a question about a particular detail, Rhedonda largely recounted what had
happened without interrogation.
      From this, we conclude that the trial court did not abuse its discretion by admitting this
testimony under the excited utterance exception to the hearsay rule. See id.
Medical Diagnosis
      Rule of Evidence 803(4) provides another exception to the hearsay rule for statements
made for purposes of medical diagnosis or treatment. Tex. R. Evid. 803(4). This exception
applies to “[s]tatements made for purposes of medical diagnosis or treatment and describing
medical history, or past or present symptoms, pain, or sensations, or the inception or general
character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or
treatment.” Id.
      The first paramedic, Lisa Duran, testified that Rhedonda “pointed out” that she had been
hit in the face. She told the paramedics in response to questioning that she had been hit in the
face multiple times by her husband; that her face was hurting; and that she was afraid he may
return.
      Much of Lisa’s testimony fits within the exception to the hearsay rule for statements made
for purposes of medical diagnosis and treatment. See Mendoza v. State, 69 S.W.3d 628, 633-34 (Tex. App.—Corpus Christi 2002, pet. ref’d); Moyer v. State, 948 S.W.2d 525, 527-28
(Tex. App.—Fort Worth 1997, pet. ref’d). In addition, Eddie testified to virtually the same
statements without objection. Thus, any error in the admission of Lisa’s testimony was
rendered harmless by the subsequent admission of Eddie’s testimony without objection. See
Leday v. State, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998); Haynes, 85 S.W.3d at 859.
      Accordingly, we conclude that McCray’s third and fourth issues are without merit.
      We affirm the judgment.
 
FELIPE REYNA
                                                                   Justice
Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna



Affirmed
Opinion delivered and filed February 4, 2004
Do not publish
[CR25]