

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-23-00204-CR

———————————————————

ELIJAH DAWSON JR., Appellant

V.

THE STATE OF TEXAS

On Appeal from County Criminal Court No. 5
Denton County, Texas
Trial Court No. F21-2523-362

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion and Order by Justice Womack

## MEMORANDUM OPINION AND ORDER

Appellant Elijah Dawson Jr. sought to appeal his conviction for driving while intoxicated. *See* Tex. Penal Code Ann. § 49.09. We abated Dawson's appeal on three occasions because his retained counsel had failed to file a brief despite our granting of multiple briefing extensions. During an April 2025 abatement hearing in the trial court, Dawson's counsel informed the trial court that Dawson had died. At that hearing, the trial court requested that the court's bailiff telephone the Texas Department of Criminal Justice (TDCJ) to confirm Dawson's death. The bailiff later testified at the hearing that he had contacted the TDCJ records department and had been informed that Dawson had died on March 31, 2025.

After our review of the record from that April 2025 abatement hearing, we abated Dawson's appeal a fourth time so that his counsel could obtain further proof of his death and provide that proof to our court. While Dawson's counsel has not provided us with further proof of Dawson's death,[1] we have obtained a custodial death report pertaining to Dawson that is maintained by the Attorney General of Texas. That report indicates that Dawson died on March 31, 2025. No opinion or mandate has been issued in this appeal.

The death of an appellant in a criminal case deprives this court of jurisdiction over an appeal. *Molitor v. State*, 862 S.W.2d 615, 616 (Tex. Crim. App. 1993); *Gray v.*

---

[1]Dawson's counsel filed in our court multiple statements regarding her unsuccessful attempts to obtain further proof of Dawson's death.

*State*, No. 02-15-00169-CR, 2015 WL 5106584, at *1 (Tex. App.—Fort Worth Aug. 28, 2015, no pet.) (per curiam) (mem. op., not designated for publication). Under such circumstances, the appropriate disposition is the permanent abatement of the appeal. *See* Tex. R. App. P. 7.1(a)(2) ("If the appellant in a criminal case dies after an appeal is perfected but before the appellate court issues the mandate, the appeal will be permanently abated."). Accordingly, on our motion, we order that this appeal is permanently abated. *See id.*; *Bartram v. State*, No. 06-24-00117-CR, 2025 WL 502510, at *1 (Tex. App.—Texarkana Feb. 14, 2025, no pet.) (mem. op., not designated for publication) (permanently abating appeal, on court's own motion, after State notified court that appellant had died and provided court with a custodial death report from the Attorney General's Office); *Gray*, 2015 WL 5106584, at *1 (permanently abating appeal, on court's own motion, after court received death certificate and affidavit establishing appellant's death).

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: July 31, 2025