

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00045-CR
No. 02-25-00046-CR
No. 02-25-00047-CR

———————————————

GARY DONALD EVANS, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 43rd District Court
Parker County, Texas
Trial Court Nos. CR24-0301, CR24-0302, CR24-0303

---

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION AND ORDER

Appellant Gary Donald Evans sought to appeal his convictions for three charges of aggravated assault of a public servant. Since filing Appellant's brief, his counsel has now filed a "Motion to Permanently Abate Appeal Due to Appellant's Death" in which he refers us to Appellant's custodial death report that is maintained by the Attorney General of Texas. *See* https://oag.my.site.com/cdr/cdrreportdeaths (last visited Sept. 10, 2025). We have viewed that report to confirm that Appellant died on August 22, 2025, which was after Appellant had perfected his appeals but before this court has issued its mandate. *See* Tex. R. App. P. 7.1(a)(2).

The death of an appellant in a criminal case deprives this court of jurisdiction. *Molitor v. State*, 862 S.W.2d 615, 616 (Tex. Crim. App. 1993); *Dawson v. State*, No. 02-23-00204-CR, 2025 WL 2177181, at *1 (Tex. App.—Fort Worth July 31, 2025, no pet. h.) (mem. op., not designated for publication). Under such circumstances, the appropriate disposition is the permanent abatement of the appeal. *See* Tex. R. App. P. 7.1(a)(2) ("If the appellant in a criminal case dies after an appeal is perfected but before the appellate court issues the mandate, the appeal will be permanently abated."). Accordingly, we grant Appellant's motion and order that his appeals are permanently abated. *See id.*; *Dawson*, 2025 WL 2177181, at *1.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: September 11, 2025