Cletis Ray **WHITMIRE**, Appellant,

v.

**STATE of Texas**, Appellee.

No. 11–94–185–CR.

Court of Appeals of Texas, Eastland.

Jan. 4, 1996.

Rehearing Overruled Feb. 1, 1996.

Martin L. Peterson, Stephenville, Jim Parker, Comanche, for appellant.

Andy McMullen, District Attorney, Ben L. Stool, Assistant District Attorney, Hamilton, for appellee.

Before ARNOT, C.J., and DICKENSON and WRIGHT, JJ.

---

OPINION

DICKENSON, Justice.

The jury convicted Cletis Ray Whitmire of a third degree felony, "injury to a child," [1] and assessed his punishment at two years confinement in the Texas Department of Criminal Justice.[2] We reverse and render.

### Background Facts

The evidence shows that appellant had been watching the Dallas Cowboys football game on the afternoon of January 23, 1994, with a group of people at the American Legion Building in the City of DeLeon. After the football game ended, they shot pool. Appellant testified in his own behalf, and he admitted to drinking as many as ten beers while he was there. Appellant and his friends testified that he was not intoxicated; however, the police officers who investigated the subsequent automobile accident and other witnesses at the scene of the accident were of the opinion that appellant was intoxicated. Also, the intoxilyzer tests which appellant took after the automobile accident showed breath-alcohol results of .207 and .205 (more than twice the legal amount provided by the driving-while-intoxicated statute). The evidence also shows that appellant's car was on the wrong side of the highway when it hit another car. There was a four-year-old child in the other car, and the child lost an eye and received massive injuries which required extensive plastic surgery.

### Charge to Jury

The charge of the court to the jury on the first phase of trial provided in relevant part:

1.

Our law provides that a person commits an offense if he recklessly, by act or omission, engages in conduct that causes disfigurement or deformity to a child who is younger than fifteen years of age.

2.

*A person acts recklessly, or is reckless, with respect to the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standpoint of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.*

3.

Now if you find from the evidence beyond a reasonable doubt that on or about the 23rd day of January, 1994 in Comanche County, Texas, the defendant, Cletis Ray Whitmire, did then and there recklessly cause disfigurement or deformity to Charles Graves, a child younger than fifteen years of age, by striking the vehicle in which Charles Graves was a passenger, with defendant's vehicle ... and defendant did then and there use a deadly weapon, to-wit: a motor vehicle ... then you will find the defendant guilty of injury to a child as alleged in the indictment. (Emphasis added)

### Points of Error

Appellant presents four points of error. The first point is dispositive, and the other three points become moot and need not be discussed.[3] We sustain the first point of

---

1. See TEX.PENAL CODE ANN. § 22.04 (Vernon 1994 & Supp.1996). Prior to the effective date of the 1993 amendment, it was a felony of the third degree to "recklessly" cause "disfigurement or deformity" to a person 14 years of age or younger.

2. The jury also assessed a fine of $10,000 and recommended probation of the fine. The jury did not recommend probation of the period of confinement. The trial court's judgment imposed the two year sentence but not the fine.

3. Appellant also argues that the trial court erred: (Point 2) in refusing to charge on the lesser included misdemeanor offense of injury to a child; (Point 3) in failing to correctly define "recklessly" in connection with the facts of the case; and (Point 4) in making a deadly weapon finding based upon appellant's driving his car into the other automobile involved in the wreck.

error because the evidence is not legally sufficient[4] to show that appellant acted "recklessly" as to the result-oriented offense of injury to a child.

### Result–Oriented Offense

The injured child was not riding in appellant's automobile, and there is no proof that appellant was "aware of . . . a substantial and unjustifiable risk" that a child who was riding in another car would lose his eye and receive massive injuries which required extensive plastic surgery.

Former Presiding Judge John Onion wrote the opinion in *Banks v. State*, 819 S.W.2d 676 (Tex.App.—San Antonio 1991, pet'n ref'd), explaining that injury to a child under TEX.PENAL CODE § 22.04 is a "result-oriented crime." While the statute has been amended and while *Banks* was a conviction for "knowingly and intentionally" engaging in conduct (the conviction before us is for "recklessly" engaging in conduct), Judge Onion's reasoning is persuasive. *Banks* states, supra at 678:

> Injury to a child is a result-oriented crime. . . . [T]he statutory phrase "engage in conduct" is *vestigial* language . . . the focus of culpability is on the result of the conduct. . . . "[T]he mental state criminalized in the injury to a child statute is that state of mind which contemplates the prohibited *result.*" Thus, injury to a child is a "specific result" offense requiring a culpable mental state which relates not to the nature of the circumstances surrounding the charged conduct but to the result of the conduct. (Citations omitted; Emphasis in original)

*Banks,* supra at 680, also states:

> [T]he application paragraph authorized a conviction based solely on the finding that the appellant intentionally or knowingly engaged in *conduct which happened to cause bodily injury to a child.* A result-oriented offense cannot be based solely upon such a finding. . . . [T]he language in a jury charge involving a result-oriented offense "that defines a culpable mental

state with respect to conduct adds nothing . . . and it allows the jury to do that which the law does not—find the accused guilty . . . based only on his conduct, rather than on intending or knowing the prohibited result." (Citations omitted; Emphasis added)

See also *Haggins v. State,* 785 S.W.2d 827 at 828 (Tex.Cr.App.1990); *Alvarado v. State,* 704 S.W.2d 36 at 39 (Tex.Cr.App.1986); *Beggs v. State,* 597 S.W.2d 375 at 377 (Tex. Cr.App.1980).

While appellant's mental state would have been reckless as to any child riding in his car, we cannot hold that his culpable mental state was reckless as to a child of which appellant was unaware. We are unable to hold that appellant was aware of a substantial risk that the result would occur when the evidence does not show that he was aware of the fact that there was a child in the car which his automobile hit. There was sufficient evidence for a rational jury to find that appellant was guilty of driving while intoxicated and that his conduct was reckless; however, *Banks* makes it clear that, even though appellant recklessly engaged in "conduct which happened to cause bodily injury to a child," this is not sufficient. *Banks* makes it clear that reckless conduct is not enough unless the culpable mental state relates to the "prohibited result," injury to a child.

The judgment of the trial court is reversed, and this court renders judgment that appellant is not guilty of the offense for which he was tried.

---

4. See *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Geesa v. State,* 820 S.W.2d 154 (Tex.Cr.App.1991).