11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Tina Marie Wright a/k/a
Tina Marie Nagel

Appellant

Vs.                   No.
11-02-00006-CR  -- Appeal from Taylor
County

State of Texas

Appellee

 

The jury
convicted Tina Marie Wright a/k/a Tina Marie Nagel of a first degree felony
offense, possession of methamphetamine.[1]  After a presentence investigation and a
lengthy punishment hearing, the court sentenced appellant to confinement for
life. We affirm.  

                                                                Background
Facts

The State=s expert testified that the aggregate weight
of one of the exhibits possessed by appellant was 305.62 grams and that it
contained methamphetamine.  Appellant=s expert testified that the methamphetamine
in that exhibit was only 0.05 percent of its aggregate weight and that the
methamphetamine itself weighed less than one gram (0.1528 grams).  During the punishment phase of trial, there
was testimony about appellant=s Abad acts,@ including those related to the deaths of her two youngest
children.  The offense for which
appellant was convicted occurred on February 24, 2001.  The bodies of appellant=s six-year-old son and four-year-old daughter
had been found in the trunk of her car on August 26, 2000.  The pathologist testified that both children
died from heat stroke.

                                                                   Points
of Error








Appellant
presents nine points of error.  She
argues in Point of Error No. 1 that the evidence was Alegally insufficient@ because a rational trier of fact could not
have found 200 grams or more of methamphetamine if the jury had considered the Aproper weights@ of the State=s
evidence.  Appellant argues in Point of
Error No. 2 that the evidence was Afactually insufficient@ because the jury=s verdict would be Aclearly wrong, manifestly unjust, and shocking to the conscience@ if the jury had used Athe proper method@ of determining the weight of the
methamphetamine.  Appellant argues in
Points of Error Nos. 3 and 4 that Section 481.002(5) (the definition of a
controlled substance) is unconstitutionally vague and that it violates U.S.
CONST. amend. XIV and TEX. CONST. art. I, ' 19.  Appellant argues in Point
of Error No. 5 that there was a fatal variance between the indictment and the
proof at trial.  Appellant argues in
Point of Error No. 6 that the court erred in finding Aextraneous offenses@ (the injuries and deaths of the two
children) to be proven beyond a reasonable doubt and considering them in
assessing punishment.  Appellant argues
in Point of Error No. 7 that she was denied Aher Due Process rights@ by the State=s
failure to disclose exculpatory evidence.  Appellant argues in Points of Error Nos. 8 and 9 that she suffered
Acruel and unusual punishment@ in violation of U.S. CONST. amend. VIII.

                                              Aggregate
Weight of Controlled Substance

The
legislature amended Section 481.002(5) to make it clear that the definition of
a controlled substance Aincludes the aggregate weight of any mixture, solution, or other
substance containing a controlled substance.@  The legislature also amended
Section 481.115(e) to make it clear that the offense of possessing a controlled
substance would be a felony of the first degree if the amount possessed was, Aby aggregate weight,@ 200 grams or more.  The State=s expert supplied the proof that appellant possessed a controlled
substance which had an aggregate weight of more than 200 grams.  Points of Error Nos. 1 and 2 are overruled
because this proof is both legally and factually sufficient.  See, e.g., Jackson v. Virginia, 443 U.S.
307, 318 (1979); Clewis v. State, 922 S.W.2d 126, 129 (Tex.Cr.App.1996).  Points of Error Nos. 3 and 4 are overruled
because the statute is not unconstitutionally vague under Amendment XIV or Article
I, section 19.  Point of Error No. 5 is
overruled because there was no variance between the indictment and the proof at
trial.  Points of Error Nos. 8 and 9 are
overruled because appellant=s punishment was not Acruel and unusual@ and did not  violate Amendment
VIII.








                                                      Extraneous
Crimes or Bad Acts

Appellant
argues that the trial court erred in finding that the State had proven beyond a
reasonable doubt that appellant had committed the offense of Ainjury to a child, by reckless omission and
by criminal negligence.@  TEX. CODE CRIM. PRO. ANN. art.
37.07, ' 3(a)(1) (Vernon Supp. 2003) provides in
relevant part:

Regardless
of the plea and whether the punishment be assessed by the judge or the jury, evidence
may be offered...as to any matter the court deems relevant to sentencing,
including but not limited to the prior criminal record of the
defendant...and...any other evidence of an extraneous crime or bad act that
is shown beyond a reasonable doubt by evidence to have been committed by the
defendant.  (Emphasis added)

 

The court
could consider evidence of Aan extraneous crime or bad act.@  It did not have to find that
appellant committed the offense of Ainjury to a child.@  Consequently, the case of
Whitmire v. State, 913 S.W.2d 738 (Tex.App. - Eastland 1996), pet=n dism=d, 943 S.W.2d 894 (Tex.Cr.App.1997), is not on point.  Appellant=s brief contains her summary of the evidence at trial, and she states
in relevant part:  

This
appeal arises from the life sentence imposed upon [appellant], a first
offender, for the possession of 200 grams or more but less than 400 grams of
methamphetamine (contained within a solution). 
Analysis of the facts of the case reveals [that appellant=s] sentence was not based upon the offense of
conviction, but instead was based upon the tragic death of her two youngest
children, which had occurred six months prior to the events which formed the
basis of the possession charge.

 

Specifically,
the evidence at the sentencing hearing conducted before the court without a jury established that on the
night of August 25, 2000, [appellant] consumed alcohol and marijuana at her
house with a group of friends.  The
State also tried to establish she consumed methamphetamine, but there was no
direct evidence of methamphetamine use. 
The following day while [appellant] was sleeping, her six year old son,
Dylan Nagel, and her four year old daughter, Kelly Boisjolie, managed to get
out of [appellant=s] locked bedroom.  These two
young children climbed into the trunk of [appellant=s] car and tragically became trapped.  The children died as the result of Aexogenous hypothermia,@ the heat inside the trunk of the car.








 

[Appellant=s] life spiraled downward after the death of
her children.  She would not seek refuge
from her abusive husband...and through her association with him was charged and
convicted in the instant case.  The
evidence at jury trial revealed that six months after her children=s death, [appellant] was at home with her
husband John Wright on February 24, 2001. 
When police executed an arrest warrant for John Wright they discovered
all of John Wright=s
methamphetamine manufacturing paraphernalia and residue in the house, and
[appellant] was charged with and convicted of possession of some of that
residue.

It was beyond dispute
[appellant] had knowledge of John Wright=s activities, and that [appellant] began
using methamphetamine extensively after her children=s death.  (Emphasis added)

 

There was sufficient evidence to show beyond a reasonable doubt that
appellant committed the bad acts of placing her children in a hostile
environment and of failing to adequately supervise them.  It was also beyond dispute, as appellant
said in her brief, that appellant knew of her husband=s activities (manufacturing methamphetamine)
and that she had been using methamphetamine extensively after the death of her
children.  Point of Error No. 6 is
overruled. 

                                       Disclosure
of Exculpatory Evidence

The record does not show that the State failed to disclose any
exculpatory evidence.  The record does
show that one of the State=s witnesses, Dusty Maxwell, testified that Lacey Berry had told him
that she and appellant had Asmoked some speed@ on the night before the two children died in the trunk of the
car.  During the hearing on appellant=s motion for new trial, Berry testified that
she did not see anybody do any drugs, other than alcohol and marihuana, on the
night before the children died.  

Berry also testified during that hearing that, if she had testified
during the trial of appellant=s case, Berry would have testified that she thought appellant Awent in the bathroom and did meth@ that night. 
When appellant came out of the bathroom, Berry said that appellant Aappeared high, skitzy@ and like she had been on
methamphetamine.  Berry said that she
would also have testified that she had been at appellant=s house when there were Aactually drug cooks being...conducted in the
house,@ that she knew that Adrugs were being sold out of [appellant=s] residence,@ and that she had been present when appellant sold drugs to other
people.  Berry also testified at the
hearing on appellant=s
motion for new trial that she had never told the district attorney, his
assistant district attorney, or his investigator Aanything@ which she thought was beneficial to
appellant.  There was no violation of
Brady v. Maryland, 373 U.S. 83 (1963).  
Point of Error No. 7 is overruled.         








                                                                This
Court=s Ruling

The judgment of the trial court is affirmed.

 

BOB DICKENSON

SENIOR JUSTICE

 

April
3, 2003

Do
not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of:  Wright, J., and

McCall, J., and
Dickenson, S.J.[2] 











[1]See TEX. HEALTH & SAFETY CODE ANN. ' 481.115(e) (Vernon Pamph. Supp. 2003) which declares
the offense to be a first degree felony Aif
the amount of the controlled substance possessed is, by aggregate weight,
including adulterants or dilutants, 200 grams or more but less than 400 grams.@  See also TEX.
HEALTH & SAFETY CODE ANN. ' 481.002(5)
(Vernon Pamph. Supp. 2003).  





[2]Bob Dickenson, Retired Justice, Court of Appeals, 11th
District of Texas at Eastland sitting by assignment.