Affirmed and Opinion filed June 10, 2004









Affirmed and Opinion filed June 10, 2004.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00408-CR

____________

 

COY EUGENE CLEBURN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 183rd
District Court

Harris County, Texas

Trial Court Cause No. 917,533

 



 

O P I N I O N

A jury found appellant Coy Eugene Cleburn
guilty of recklessly causing bodily injury to a child younger than fifteen
years of age, and answered affirmatively a special issue that he used a motor
vehicle as a deadly weapon.  The trial
court assessed punishment at four years= confinement in
the Texas Department of Criminal Justice, Institutional Division.  In two issues, appellant argues (1) the
evidence is legally insufficient to sustain the conviction,  and (2) it is unconstitutional to permit a
deadly weapon finding for a motor vehicle unless the vehicle was purposefully
used as a weapon against a person.  We
affirm.








Tammy George drove a neighbor to a labor
hall so that he could pick up his paycheck. 
Her 18-month old son, Kobae, was in his car seat in the backseat of her
vehicle, a two-door Toyota Tercel. 
George=s boyfriend was in the front seat.  While she waited for her neighbor, George
parked her car in what she thought was a back parking lot for the labor
hall.  Appellant approached George=s car and, while
standing approximately five feet from it, informed her that she was on the
private property of his business and asked her to move her vehicle.  George complied and moved her car to a
different area in the parking lot.  At
that point, she let Kobae out of his car seat so that he could play in the
backseat and turned off the engine. 
Appellant approached her again and told her that she was still on his
private property.  George testified that
Kobae was standing up on the backseat of her car playing.  Appellant asked her to move her car to a
different location, and when she refused, he said he was going to move her
car.  Appellant walked to his pick-up
truck, a Ford F-250, and backed it up. 
When George realized that appellant was going to hit her vehicle, she
jumped out of her vehicle to ask him to stop. 
Her boyfriend also got out of the car. 
While they were out of the car, appellant hit George=s car, and moved
it forward until it came to rest against a trash dumpster.  Appellant=s truck caused a
dent in George=s rear bumper.  Upon impact, Kobae was thrown from the
backseat through the open driver-side door, and he slid across the gravel
parking lot and came to a stop near the front wheel of George=s car.  He was taken by ambulance to an emergency
room to be examined.  He had some bruises
and scratches.  At trial, Officer Gary M.
White of the Pasadena Police Department, who examined the scene of the accident
on the date in question, testified that, although it was hard to tell, what
looked like an armrest of a car seat on the right passenger side of the
backseat was visible in a photograph he took on the date of the accident.








In his first issue, appellant contends the
evidence is legally insufficient to sustain his conviction of reckless injury
to a child.  See Tex. Pen. Code Ann. ' 22.04(a) (Vernon
2003).  In conducting a legal sufficiency
review, a reviewing court does not ask itself whether it believes that the
evidence at the trial established guilt beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319
(1979).  Rather, we view the evidence in
the light most favorable to the verdict and determine whether a rational trier
of fact could have found the elements of the offense beyond a reasonable
doubt.  Id.; Cardenas v. State,
30 S.W.3d 384, 389 (Tex. Crim. App. 2000). 
The jury is the exclusive judge of the credibility of witnesses and the
weight to be given their testimony.  Mosley
v. State, 983 S.W.2d 249, 254 (Tex. Crim. App. 1998).  Likewise, reconciliation of conflicts in the
evidence is within the exclusive province of the jury.  Id. 
A jury may choose to believe or disbelieve any portion of the witnesses= testimony.  Sharp v. State, 707 S.W.2d 611, 614
(Tex. Crim. App. 1986).  The reviewing
court will examine the entire body of evidence; if any evidence establishes
guilt beyond a reasonable doubt, and the fact-finder believes that evidence, the
appellate court may not reverse the fact-finder=s verdict on
grounds of legal insufficiency.  See
Jackson, 443 U.S. at 307.  The
standard of review is the same whether the evidence is direct, circumstantial,
or both.  See Kutzner v. State,
994 S.W.2d 180, 184 (Tex. Crim. App. 1999).

Appellant does not dispute that he used
his truck to move George=s car. 
Rather, he claims, as he did at trial, he did not see a car seat in
George=s vehicle and did
not know Kobae was in the car.  Appellant
argues there is no evidence that he was aware that a child was in the car, and
because the offense of injury to a child is a Aresult-oriented@ offense, the
State did not present any evidence of his mens rea, or culpable mental
state, with respect to the alleged result (i.e., that he acted
recklessly as to the result-oriented offense of injury to a child, Kobae).








Injury to a child is a result-oriented or A>result of conduct=@ crime.  See Patterson v. State, 46 S.W.3d 294,
301 (Tex. App.CFort Worth 2001, no pet.).  In other words, the culpable mental state
relates not to the nature of or circumstances surrounding the charged conduct,
but to the result of the conduct.  Id.;
see also Alvarado v. State, 704 S.W.2d 36, 38 (Tex. Crim. App. 1985); Banks
v. State, 819 S.W.2d 676, 678 (Tex. App.CSan Antonio 1991,
no pet.).  Here, appellant was found
guilty of reckless bodily injury to a child. 
A person acts recklessly, or is reckless, with respect to the result of
his conduct when he is aware of but consciously disregards a substantial and
unjustifiable risk that the result will occur. 
See Tex. Pen. Code Ann.
' 6.03(c) (Vernon
1994).  The risk must be of such nature
and degree that the disregard of that risk constitutes a gross deviation from
the standard of care that an ordinary person would exercise under all the
circumstances as viewed from the actor=s standpoint.  Id. 
Reckless conduct involves conscious risk creationCthat is, the actor
was aware of the risk surrounding his conduct or the result of his conduct, but
consciously disregarded that risk.  See
Montoya v. State, 744 S.W.2d 15, 29 (Tex. Crim. App. 1987); Lewis v.
State, 529 S.W.2d 550, 553 (Tex. Crim. App. 1975).  AA person is
criminally responsible for the result of conduct if the result would not have
occurred >but for= the actor=s conduct,
operating either alone or concurrently with another cause, unless the
concurrent cause was clearly sufficient to produce the result and the conduct
of the actor clearly insufficient.@  Patterson, 46 S.W.3d at 302 (citing Tex. Pen. Code Ann. ' 6.04(a) (Vernon
1994) and Umoja v. State, 965 S.W.2d 3, 8B9 (Tex. App.CFort Worth 1997,
no pet.)).

In the instant case, taking all of the
evidence in the light most favorable to the verdict, a rational trier of fact
could have found appellant to have been aware of, but have consciously
disregarded, the substantial risk that using his vehicle, a large pick-up
truck, to move George=s small Toyota Tercel with a visible car
seat and two adult occupants would result in bodily injury to anyone in George=s vehicle,
including a child.  Accordingly, we
overrule appellant=s first issue.[1]








In his second issue, appellant argues that
section 1.07 of the Penal Code is unconstitutional as applied and void for
vagueness.  See Tex. Pen. Code Ann. ' 1.07 (17)(B)
(Vernon 1994) (defining Adeadly weapon@ as Aanything that in
the manner of its use or intended use is capable of causing death or serious
bodily injury@). 
However, to preserve a complaint for appellate review, a party must make
a timely request, objection or motion with sufficient specificity to apprise
the trial court of the complaint.  See
Tex. R. App. P. 33.1(a).  Even constitutional complaints may be waived
by failure to timely raise an objection in the trial court.  See Wright v. State, 28 S.W.3d 562,
536 (Tex. Crim. App. 2000).  A complaint
that a statute is unconstitutional as applied because of vagueness must be
raised in the trial court in order to preserve error.  Spradley v. State, Nos.
14-02-00266-CR, 14-02-00267-CR, 14-02-00268-CR, 2003 WL 21282468, at *2 (Tex.
App.CHouston [14th
Dist.] June 5, 2003, no pet.) (not designated for publication).  Appellant failed to raise this issue in the
trial court.  Accordingly, we overrule
appellant=s second issue.

Having overruled all of appellant=s issues, we
affirm the trial court=s judgment.

 

 

 

 

/s/      Joe L. Draughn

Justice

 

 

 

 

Judgment
rendered and Opinion filed June 10, 2004.

Panel
consists of Justices Anderson and Hudson and Senior Justice Draughn.*

Publish
C Tex. R. App. P. 47.2(b).

 

 

 

*  Senior Justice Joe L. Draughn sitting by
assignment.











[1]  In Whitmire
v. State, the Eastland court of appeals held the evidence was legally
insufficient to support a conviction for reckless bodily injury to a child
because the injured child was not riding in the appellant=s vehicle and there was no proof the appellant Awas >aware of . . . a substantial and unjustifiable risk= that a child who was riding in another car would lose
his eye and receive massive injuries which required extensive plastic surgery.@  913 S.W.2d
738, 740 (Tex. App.CEastland 1996), pet. granted, appeal abated
by 943 S.W.2d 894 (Tex. Crim. App. 1997). 
The court further explained A[w]hile
appellant=s mental state would have been reckless as to any
child riding in his car, we cannot hold that his culpable mental state was
reckless as to a child of which appellant was unaware.@  Id.  To the extent Whitmire suggests we
should reach a different result in this case, we decline to follow Whitmire.