**Juan Manuel MOJICA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–82–311–CR(T).**

Court of Appeals of Texas, Austin.

June 8, 1983.

Ben Sarrett, Mauro, Sarrett & Wendler, P.C., Austin, for appellant.

Jeffrey L. Van Horn, Criminal Dist. Atty., Todd A. Blomerth, Asst. Crim. Dist. Atty., Caldwell County, Lockhart, for appellee.

Before PHILLIPS, C.J., and POWERS and GAMMAGE, JJ.

PER CURIAM.

This is an appeal from a judgment of conviction for burglary of a habitation. Tex.Pen.Code Ann. § 30.02(a)(3) (1974). After a jury trial resulting in a verdict of guilty, the court assessed punishment, enhanced by two prior convictions, at incarceration for life.

There has been filed in this Court a State's motion to dismiss the appeal, based upon the death of the appellant during the pendency of this appeal. The motion is supported by a copy of a letter from the Board of Pardon and Paroles attached to the motion, which reflects that appellant died July 13, 1982.

We will overrule the State's motion, and abate the proceedings, both in this Court and in the court below.

The death of the appellant during the pendency of appeal deprives this Court of jurisdiction. *See King v. State,* 379 S.W.2d 907 (Tex.Cr.App.1964); *Crips v. State,* 240 S.W. 1112 (Tex.Cr.App.1922); *Hardin v. State,* 36 S.W. 82 (Tex.Cr.App. 1896); *March v. State,* 5 Tex.App. 450 (1879). Although the usual disposition of

an appeal in the absence of jurisdiction is dismissal, as requested by the State in this case, the authorities cited above have instead abated the proceedings.[1] As stated in *March, supra* at 456:

> [I]n case the appellant die whilst the appeal is pending and undetermined, the prosecution or the criminal action does not survive, but, on the death of the appellant pending the appeal, the prosecution abates *in toto,* whatever be the judgment appealed from.

This distinction is apparently based upon two observations: if the appeal is dismissed, the practical result is that the judgment of conviction becomes final, as if the judgment had been affirmed after full appellate review; conversely, if the appellate court sets aside the judgment and orders the prosecution dismissed, the disposition once again equals the result usually reached only after full appellate review. Either disposition seems inappropriate when the appellant's death has deprived the appellate court of the authority to adjudicate appellant's complaints, whether they be with or without merit.

Accordingly, the State's motion to dismiss appeal is overruled. This appeal, however, as well as any further proceedings in this cause in the court below, are permanently abated.[2]

---

1. There are other cases in addition to those cited above. *See* 12B Tex.Dig. Criminal Law § 1070 (1971) for annotations. Among the sixty-five cases annotated, there is a small number in which the appeals were dismissed.

2. We recognize that the concept of permanent abatement can be a source of some confusion to trial court clerks, who may view the proceeding, with some justification, as forever pending. For statistical and reporting purposes, however, it is suggested that such a case be treated as if the cause had been dismissed.