**Lorenzo VARGAS, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 313–83, 314–83.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 12, 1983.

Scott Segall, Ramon Ramos, Jr., El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and David Clay Cowan, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S MOTION TO DISMISS

PER CURIAM.

The appellant was convicted in two cases of the offense of delivery of a controlled substance, to-wit: cocaine. Punishment was assessed at imprisonment in the Texas Department of Corrections for five years in the first case and ten years in the second. The El Paso Court of Appeals affirmed in an unpublished opinion by Justice Osborn. On June 15, 1983, the Appellant's Petition for Discretionary Review was granted in both cases to consider his contention that there had been a violation of the Texas Speedy Trial Act. Article 32A.01 et seq., V.A.C.C.P.

The State has now filed a motion to dismiss both appeals alleging that the appellant died on July 27, 1983, as a result of an automobile accident in the City of El Paso. The motion is supported by an affidavit of the Assistant District Attorney who prosecuted the case and a certified copy of appellant's death certificate.

The appellant's attorney has filed a response to the motion to dismiss the appeals admitting that the appellant died as set forth in the State's motion. He argues, however, that to dismiss the appeals where the appellant has died is to permit the State to assess court costs against the estate and to work a permanent slander on the name of the appellant. He argues that this result is unconstitutional under the Texas Constitution.

The death of the appellant during the pendency of appeal deprives this Court of jurisdiction. See *King v. State,* 379 S.W.2d 907 (Tex.Cr.App.1964); *Crips v. State,* 240 S.W. 1112 (Tex.Cr.App.1922); *Hardin v. State,* 36 S.W. 82 (Tex.Cr.App.1896); *March*

*v. State,* 5 Tex.Ct.App. 450 (1879). Although the usual disposition of an appeal in the absence of jurisdiction is dismissal, as requested by the State in this case, the authorities cited above have instead abated the proceedings. As stated in *March,* supra:

> "[I]n case the appellant die whilst the appeal is pending and undetermined, the prosecution or the criminal action does not survive, but, on the death of the appellant pending the appeal, the prosecution abates *in toto,* whatever be the judgment appealed from."

This distinction is apparently based upon two factors: if the appeal is dismissed, the practical result is that the judgment of conviction becomes final, as if the judgment had been affirmed after full appellate review; conversely, if the appellate court sets aside the judgment and orders the prosecution dismissed, the disposition once again equals the result usually reached only after full appellate review. Either disposition seems inappropriate when the appellant's death has deprived the appellate court of the authority to adjudicate appellant's complaints whatever their merit.

This analysis of our prior cases was recently made by the Austin Court of Appeals in *Mojica v. State,* 653 S.W.2d 121 (Tex.App.—Austin 1983), and is equally applicable to the facts before us. Although appellant's convictions were affirmed by the El Paso Court of Appeals, at least four judges of this Court voted to grant the appellant's petition for discretionary review. Accordingly, the State's motion to dismiss the appeals is overruled. The appeals, however, as well as any further proceedings in the court below, are ordered permanently abated.[1]

IT IS SO ORDERED.

---

1. We recognize that the concept of permanent abatement may be a source of some confusion to trial court clerks who may view the proceeding with some justification as forever pending. However, for statistical and reporting purposes, we would suggest that such a case be treated as if it had been dismissed.