**Q.T. HANSON, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 156–90.**

Court of Criminal Appeals of Texas,
En Banc.

June 6, 1990.

Rick Bowman, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and C. Chris Marshall and David K. Chapman, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

**OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW**

**PER CURIAM.**

Appeal is taken from a conviction of driving while intoxicated. After trial by jury, the court assessed appellant's punishment at ninety days confinement and a three hundred dollar fine. Both the fine and jail time were probated.

On direct appeal, the Court of Appeals found the evidence insufficient to support appellant's conviction and, therefore, remanded the cause to the trial court with an order to enter a judgment of acquittal. *Hanson v. State*, 781 S.W.2d 445 (Tex.App.—Ft. Worth 1989). We granted the State's petition for discretionary review.

A motion to abate the appeal has been filed on behalf of appellant. Attached to the motion is a certified copy of appellant's certificate of death. The certificate recites appellant died on February 4, 1989. The opinion by the Court of Appeals, however, was delivered on November 30, 1989.

The death of an appellant during the pendency of an appeal deprives both this Court and the Court of Appeals of jurisdiction. See *August v. State*, 685 S.W.2d 56 (Tex.Crim.App.1985). Under those circumstances, the appropriate disposition is the abatement of the appeal. Tex.R.App.Pro. 9(b). The appeal and any further proceedings in the court below are ordered permanently abated.

Furthermore, it should be noted that our abatement of an appeal under these unique circumstances should not be considered an endorsement of the reasoning or disposition employed by the Court of Appeals in the instant case.