**Sam Wendell RYAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 499–94.

Court of Criminal Appeals of Texas, En Banc.

Dec. 14, 1994.

James R. Kuhn, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Karen A. Clark and Renee Magee, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for State.

---

*This cause demonstrates the imprudence of releasing an opinion for publication to a publishing company before this Court disposes of a Petition

### OPINION ON MOTION TO ABATE APPEAL

PER CURIAM.

Appellant was convicted by a jury of failure to stop and give information after an automobile collision. Punishment was assessed by the jury at 180 days in the Harris County jail.

The Court of Appeals remanded the cause to the trial court for a new punishment hearing. *Ryan v. State,* 874 S.W.2d 299 (Tex. App.—Houston [1st] 1994). The Court of Appeals found a new punishment hearing was necessary because the trial court improperly restricted voir dire examination of prospective jurors on an issue related to punishment.

The State has filed a Petition for Discretionary Review from the decision by the court of appeals. We have also received a "Motion to Abate" the appeal filed on behalf of appellant. Attached to the motion is a certified copy of appellant's death certificate. Appellant died on September 17, 1994.

The death of an appellant during the pendency of an appeal deprives both this Court and the court of appeals of jurisdiction. See *Molitor v. State,* 862 S.W.2d 615 (Tex.Cr. App.1993). Under these circumstances, the appropriate disposition is the abatement of the appeal. Tex.R.App.Pro.Rule 9(b). Accordingly, the appellant's "Motion to Abate" is granted, the State's Petition for Discretionary Review is dismissed, the Court of Appeals is directed to withdraw its prior opinion and the appeal is permanently abated.*

for Discretionary Review. See Tex.R.App.Pro. Rule 90.