**Fred RHEINLANDER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 0190–95.**

Court of Criminal Appeals of Texas, En Banc.

March 27, 1996.

■

---

Randy T. Leavitt, Austin, for appellant.

Giselle Horton, Assist. CA, Matthew W. Paul, Assist. State's Attorney, Austin, Robert A. Huttash, State's Atty., Austin, for the State.

*OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW*

PER CURIAM.

Appellant was convicted on his plea of nolo contendere for driving while intoxicated. The Third Court of Appeals, however, reversed his conviction and remanded the cause for a new trial because the police officer who stopped his car did not believe at the time that appellant was committing any crime but thought instead that appellant might be ill or having mechanical difficulty with his vehicle. The Court of Appeals held that "before a person driving an automobile may be stopped and lawfully detained by an officer, that officer must have specific articulable facts to reasonably suspect that the person stopped is associated with criminal activity." *Rheinlander v. State*, 888 S.W.2d 917, 918 (Tex.App.—Austin 1994). We granted the State's petition for discretionary review because the lower court's holding raises an important question of law not yet decided by this Court.

Appellant, however, has now died and his attorney has moved this Court to abate his appeal permanently. Under our precedents, the death of an appellant during the pendency of his appeal deprives this Court and the Court of Appeals of jurisdiction. *Ryan v. State*, 891 S.W.2d 275 (Tex.Crim.App. 1994). Accordingly, the motion to abate is granted, the State's petition for discretionary review and the State Prosecuting Attorney's petition for discretionary review are dismissed, and the Austin Court of Appeals is directed to permanently abate the appeal of this cause. Tex.R.Crim.Pro. 9(b).