**Cletis Ray WHITMIRE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 390–96.

Court of Criminal Appeals of Texas, En Banc.

April 9, 1997.

Martin L. Peterson, Stephenville, for appellant.

Ben L. Stool, Asst. Dist. Atty., Hamilton, Jeffrey L. Van Horn, Asst. State's Attorney, Austin, Matthew Paul, States's Atty., Austin, for the State.

Before the court en banc.

### OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted of the offense of reckless injury to a child, and his punishment assessed at two years confinement in the penitentiary. The evidence shows that in the late evening of January 23, 1994, with a blood alcohol concentration of between .205 and .207, appellant drove his car across the center line of a highway in Comanche County, striking an on-coming car and seriously injuring a six year old boy who was riding in the back seat. On appeal appellant argued that the evidence was insufficient to establish he recklessly injured the child because he had not been aware that there was a child in

the on-coming car when he collided with it. The Eastland Court of Appeals agreed, and reversed appellant's conviction, rendering a judgment of acquittal. *Whitmire v. State,* 913 S.W.2d 738, at 740 (Tex.App.—Eastland 1996). In its petition for discretionary review, the State contends that the court of appeals erred to hold appellant must specifically have been aware there was a child in the other car before it can be said he was "aware of but consciously disregard[ed] a substantial and unjustifiable risk that" the child would be injured. V.T.C.A., Penal Code, Section 6.03(c). We granted the State's petition in order to examine this contention. Tex.R.App.Pro., Rule 200(c)(2) & (4).

Appellant has died, however, and the State has moved that the appeal be permanently abated. Under our precedents, the death of an appellant during the pendency of his appeal deprives this Court and the court of appeals of jurisdiction. *Rheinlander v. State,* 918 S.W.2d 527, 528 (Tex.Cr.App.1996). Accordingly, the motion to abate is granted, both the District Attorney's and the State Prosecuting Attorney's petitions for discretionary review are dismissed, and the Eastland Court of Appeals is directed to permanently abate the appeal of this cause. Tex. R.App.Pro., Rule 9(b).