The STATE of Texas, Appellant,

v.

Jerry Wayne CURL, Appellee.

No. 13–98–570–CR.

Court of Appeals of Texas,
Corpus Christi.

Sept. 28, 2000.

Rene Guerra, Dist. Atty., Rolando Garza, Asst. Dist. Atty., Theodore C. Hake, Asst. Crim. Dist. Atty., Edinburg, for Appellant.

Alfredo Morales, Jr., Joseph A. Connors, III, McAllen, Rogelio Garza, Edinburg, for Appellee.

## OPINION ON MOTION FOR REHEARING

J. BONNER DORSEY, Justice.

This case presents the question of whether permanent abatement or dismissal is the appropriate remedy when the State is the appellant in a criminal appeal and the appellee/defendant dies during the pendency of the appeal. We had earlier abated the appeal because of the death of the appellee. His attorney has filed a motion for rehearing en banc claiming that we have no jurisdiction because of the death of the appellee, and abatement is improper because it is a proper remedy only when the appellant not the appellee dies while the appeal is pending. We agree, and hold that the State's appeal should be dismissed because the appellate court loses jurisdiction when all the issues in the appeal become moot due to the death of the criminal defendant.

In this case, the State appealed Curl's "acquittal" for driving while intoxicated.[1] Curl died during the pendency of this appeal. Previously, this Court granted permanent abatement of the appeal pursuant to a motion by the State. *See* Tex. R. App. P. 7.1(a)(2) (requiring permanent abatement of an appeal in a criminal case when the defendant at trial is the appellant).

Two motions remain pending. Prior to his death, Curl filed a motion to dismiss the appeal on grounds that the State was not permitted to appeal the verdict of acquittal due to double jeopardy concerns. We did not rule on that motion due to our permanent abatement of the case. After the abatement, Curl's attorneys filed a motion for rehearing en banc urging this Court to withdraw the order permanently abating the appeal, and to dismiss the appeal for want of jurisdiction. We find that to indeed be the appropriate course of action, but not for the reasons advanced by Curl's counsel.

■ Rule 7.1(a)(2) states that:

If the **appellant** in a criminal case dies after an appeal is perfected but before the appellate court issues the mandate, the appeal will be permanently abated.

Tex. R. App. P. 7.1(a)(2) (emphasis added). The rule does not address the situation where the appellee in a criminal case dies after the appeal is perfected but before the appellate court issues the mandate. Accordingly, we hold that Rule 7.1(a)(2) does not require permanent abatement, rather than dismissal, of this appeal.

■ The court of criminal appeals has stated many times that the death of the appellant during the pendency of his appeal deprives the courts of jurisdiction over the appeal.[2] The proper remedy has

---

1. One issue in this case is whether Curl was actually acquitted, or whether the trial court's actions of instructing the jury to render a not-guilty verdict amounted to an impermissible order dismissing the prosecution. Our determination that this Court lacks jurisdiction is unrelated to this issue.

2. *See Graham v. State,* 991 S.W.2d 802, 802–803 (Tex.Crim.App.1998); *Whitmire v. State,* 943 S.W.2d 894, 895 (Tex.Crim.App.1997); *Rheinlander v. State,* 918 S.W.2d 527, 528 (Tex.Crim.App.1996); *Ryan v. State,* 891 S.W.2d 275 (Tex.Crim.App.1994); *Molitor v. State,* 862 S.W.2d 615 (Tex.Crim.App.1993);

long been held to be abatement of the appeal. *Accord Graham,* 991 S.W.2d at 802–03; *Vargas,* 659 S.W.2d at 422–23; Tex. R. App. P. 7.1(a)(2). However, we have not uncovered a case holding abatement to be the proper remedy in an appeal brought by the State, rather than by a convicted defendant.

In *Vargas v. State,* the court of criminal appeals explained the rationale behind requiring permanent abatement, rather than dismissal, in cases where the appellant dies during the pendency of the appeal:

> The death of the appellant during the pendency of appeal deprives this Court of jurisdiction. *See King v. State,* 379 S.W.2d 907 (Tex.Crim.App.1964); *Crips v. State,* 240 S.W. 1112 (Tex.Crim.App. 1922); *Hardin v. State,* 36 S.W. 82 (Tex. Crim.App.1896); *March v. State,* 5 Tex. Ct.App. 450 (1879). Although the usual disposition of an appeal in the absence of jurisdiction is dismissal, ... the authorities cited above have instead abated the proceedings.... This distinction is apparently based upon two factors: if the appeal is dismissed, the practical result is that the judgment of conviction becomes final, as if the judgment had been affirmed after full appellate review; conversely, if the appellate court sets aside the judgment and orders the prosecution dismissed, the disposition once again equals the result usually reached only after full appellate review. Either disposition seems inappropriate when the appellant's death has deprived the appellate court of the authority to adjudicate appellant's complaints whatever their merit.

*Vargas,* 659 S.W.2d at 422–23.

■■■ However, when the State seeks reversal of the trial court's order that resulted in a defendant's *acquittal,* different concerns arise. We find guidance in the early Texas Court of Appeals opinion,

*Garcia v. State,* 840 S.W.2d 957 (Tex.Crim. App.1992); *Hanson v. State,* 790 S.W.2d 646 (Tex.Crim.App.1990); *August v. State,* 685 S.W.2d 56 (Tex.Crim.App.1985); *Vargas v.*

*March v. State,* 5 Tex.Ct.App. 450 (1879). In *March,* the appellant was convicted in three different cases. *Id.* at 451. He appealed from all the judgments, but died before they were reached for decision. *Id.* His widow filed a suggestion of his death, and moved the court to abate all the proceedings. *Id.* at 451–52. The court stated:

> [I]n a criminal prosecution, when the accused has taken an appeal in the manner prescribed by law, the proceeding is still pending and undetermined until the appeal shall have been decided; and that in case the appellant die whilst the appeal is pending and undetermined, the prosecution or the criminal action does not survive, but, on the death of the appellant pending the appeal, the prosecution abates *in toto,* whatever be the judgment appealed from.

*Id.* at 455–456.

The court's reasoning was premised on the fact that the appeal was brought by a convicted criminal defendant. *Id.* The court reasoned that the appeal should be abated in case of his death because the conviction is not fully settled. *Id.*

Interestingly, though, the court plainly stated that the criminal action does not survive the death of the defendant, but "abates *in toto.*" *Id.* at 456. The court looked to the penal code for the definition of the term *"criminal action,"* and found that it meant "the whole or any part of the procedure which the law provides for bringing offenders to justice." *Id.* at 453–54. Thus, under *March,* "any part of the procedure which the law provides for bringing offenders to justice" does not survive the death of a criminal defendant. Accordingly, the State's prosecution of an appeal does not survive the death of a criminal defendant/appellee. We hold that the appeal of Curl's case must be dismissed.

*State,* 659 S.W.2d 422, 422–23 (Tex.Crim.App. 1983); *King v. State,* 379 S.W.2d 907 (Tex. Crim.App.1964).

Our other rationale for dismissing the State's appeal is simple. When the criminal defendant dies, all issues in the appeal of his case become moot. If the State were to be successful in its appeal and the judgment reversed and remanded to the trial court, the dead defendant could not be tried anew. No matter how this court would decide the issues presented, no practical result would issue. Mr. Curl's death mooted any issue to be determined by this appeal. The courts of appeals are without jurisdiction to entertain an appeal wherein all the issues sought to be resolved by the court are moot.

Because we cannot have jurisdiction over an appeal when all the issues are moot, and because the rationale for requiring permanent abatement does not apply when the State is the appellee, we **GRANT** the Motion for Rehearing *en banc* and **DISMISS** the appeal for want of jurisdiction.