The STATE of Texas,

v.

Virgil L. McCAFFREY, Appellee.

No. 2254-01.

Court of Criminal Appeals of Texas.

June 5, 2002.

Harold J. Danford, Kerrville, for Appellant.

Matthew Paul, State's Atty., Austin, for State.

## OPINION

KELLER, P.J., delivered the unanimous opinion of the Court.

Appellee was indicted for possessing more than four ounces but less then five pounds of marijuana. The trial court granted appellee's motion to suppress, and the State appealed. The San Antonio Court of Appeals affirmed the trial court's order,[1] and we granted the State's petition for discretionary review. Appellee has died, however, and counsel for appellee has moved to dismiss the State's petition.

Under Tex.R.App. P. 7.1(a)(2), if an appellant in a criminal case dies after an appeal is perfected but before the appellate court issues the mandate, the appeal will be permanently abated. This rule, however, does not address the situation where the State is the appealing party in a criminal case and appellee dies during the pendency of the appeal.

In *March v. State*, we held that a criminal prosecution does not survive the death of a criminal defendant.[2] The question then becomes, what happens when the death of the defendant occurs during the pendency of an appeal. We have long held that the death of the appellant during the pendency of his appeal deprives the court of jurisdiction and the proper disposition is abatement.[3] In *Vargas v. State*, we ex-

1. *State v. McCaffrey*, No. 4-01-00181-CR, 2001 WL 1230449 (Tex.App.Corpus Christi, Oct. 17, 2001, pet. granted) (not designated for publication).

2. *March v. State*, 5 Tex. Ct.App. 450 (1879).

3. *See Graham v. State*, 991 S.W.2d 802, 802-803 (Tex.Crim.App.1998); *Whitmire v. State*, 943 S.W.2d 894, 895 (Tex.Crim.App.1997); *Rheinlander v. State*, 918 S.W.2d 527, 528 (Tex.Crim.App.1996); *Ryan v. State*, 891 S.W.2d 275 (Tex.Crim.App.1994); *Molitor v.*

plained the rationale behind requiring permanent abatement, rather than dismissal, in the situation where the appellant dies during the pendency of the appeal:

> [I]f the appeal is dismissed, the practical result is that the judgment of conviction becomes final, as if the judgment had been affirmed after full appellate review; conversely, if the appellate court sets aside the judgment and orders the prosecution dismissed, the disposition once again equals the result usually reached only after full appellate review. Either disposition seems inappropriate when the appellant's death has deprived the appellate court of the authority to adjudicate appellant's complaints whatever their merit.[4]

But when the State is the party appealing, this rationale does not apply. Although this Court has not previously addressed this issue, the Corpus Christi Court of Appeals did so in *State v. Curl.*[5] That Court reasoned that when a defendant dies during the pendency of a State's appeal, all issues become moot:

> [I]f the State were to be successful in its appeal and the judgment reversed and remanded to the trial court, the dead defendant could not be tried anew. No matter how this court would decide the issues presented, no practical result would issue.[6]

The court dismissed the appeal.[7] We agree that the proper disposition is dismissal of the appeal rather than permanent abatement.

State, 862 S.W.2d 615 (Tex.Crim.App.1993); *Garcia v. State,* 840 S.W.2d 957 (Tex.Crim. App.1992); *Hanson v. State,* 790 S.W.2d 646 (Tex.Crim.App.1990); *August v. State,* 685 S.W.2d 56 (Tex.Crim.App.1985); *Vargas v. State,* 659 S.W.2d 422, 422–23 (Tex.Crim.App. 1983); *King v. State,* 379 S.W.2d 907 (Tex. Crim.App.1964).

The State's petition for discretionary review is dismissed.

**4.** *Vargas v. State,* 659 S.W.2d at 423.

**5.** *State v. Curl,* 28 S.W.3d 838 (Tex.App.Corpus Christi 2000, no pet.).

