COURT OF
APPEALS

                                                    EIGHTH DISTRICT
OF TEXAS

                                                               EL
PASO, TEXAS

 

                                                                              )     

THE STATE
OF TEXAS,                                     )                    No. 
08-01-00305-CR

                                                                              )

Appellant,                          )                             Appeal from

                                                                              )     

v.                                                                           )                       358th District Court

                                                                              )

DONALD RAY SANFORD,                                )                    of Ector County, Texas

                                                                              )

Appellee.                           )                           (TC# d-26,039)

 

O
P I N I O N

 

Pending
before the Court is a joint motion to dismiss the State=s
appeal due to the death of the Appellee, Donald Ray
Sanford.  We grant the motion and dismiss
the appeal.

FACTUAL SUMMARY

A
jury convicted Sanford of aggravated kidnaping and
aggravated assault.  The trial court
subsequently granted Sanford=s
motion for new trial and the State filed a notice of appeal.  The State has filed its brief.  The parties have filed a joint motion to
dismiss the State=s appeal
due to the death of Sanford.[1]  Attached to the motion is a certified copy of
Sanford=s death
certificate which recites that he died on May 19, 2002.








DEATH OF CRIMINAL DEFENDANT/APPELLEE

It
is well established that the death of an appellant during the pendency of an appeal deprives this Court of
jurisdiction.  See Freeman v. State,
11 S.W.3d 240 (Tex.Crim.App. 2000); Ryan v. State,
891 S.W.2d 275 (Tex.Crim.App. 1994); Molitor v. State, 862 S.W.2d 615 (Tex.Crim.App. 1993). 
In such a case, the proper remedy is abatement of the appeal.  See Tex.R.App.P. 7.1(a)(2)(AIf
the appellant in a criminal case dies after an appeal is perfected but before
the appellate court issues the mandate, the appeal will be permanently abated.@); Graham v. State, 991 S.W.2d
802, 802-03 (Tex.Crim.App. 1998).  A different issue is presented when the
criminal defendant/appellee dies during the pendency of an appeal by the State, particularly where the
conviction in the underlying case has been set aside.  See State v. Curl,
28 S.W.3d 838, 840-41 (Tex.App.--Corpus Christi 2000,
no pet.).  Rule 7.1(a)(2) simply does not address this situation.  When the criminal
defendant/appellee dies during the pendency of a State=s
appeal, all issues become moot.  State v. McCaffrey, 76 S.W.3d 392 (Tex.Crim.App.
2002); Curl, 28 S.W.3d at 840-41. 
In such a case, the proper remedy is dismissal of the appeal rather than
permanent abatement.  Accordingly, we
grant the joint motion and dismiss the appeal.

 

 

August 1, 2002

                                                                        


ANN CRAWFORD McCLURE, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew,
JJ.

 

(Do Not Publish)











[1]  The State does
not seek dismissal of the appeal pursuant to Tex.R.App.P. 42.2 which
allows voluntary dismissal of an appeal in criminal cases.  Even if the State had followed the procedures
set forth in Rule 42.2, we would be required to consider whether the death of
the criminal defendant/appellee has mooted the issues
on appeal.