NO. 07-03-0137-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 3, 2003

______________________________

EMILIO CORTEZ SANDOVAL, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 287TH DISTRICT COURT OF BAILEY COUNTY;

NO. 2154; HONORABLE GORDON H. GREEN, JUDGE

_______________________________

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

PERMANENT ABATEMENT

Following a plea of not guilty, appellant Emilio Cortez Sandoval, Jr. was convicted by a jury of delivery of a controlled substance, enhanced, and punishment was assessed  at 15 years confinement and a $5,000 fine.  Following submission of this appeal, the State filed a Suggestion of Death indicating appellant died on November 16, 2003.  

An appellant’s death during the pendency of his appeal deprives an appellate court of jurisdiction.  
See
 Freeman v. State, 11 S.W.3d 240 (Tex.Cr.App. 2000) citing Ryan v. State, 891 S.W.2d 275 (Tex.Cr.App. 1994).    Accordingly, this appeal is permanently abated.

Don H. Reavis

    Justice

 

Do not publish. us that appellant has failed to pay or make arrangements to pay for the record and to submit a request for the preparation of the record or a letter designating those portions of the record desired.  Furthermore, the clerk’s record indicates that appellant may be indigent.

Accordingly, we now abate this appeal and remand the cause to the County Court of Cochran County (trial court) for further proceedings.  Upon remand, the trial court shall  immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following: 

1.  whether appellant desires to prosecute the appeal; 

2.  whether appellant is indigent; and, 

3.  whether the appellant is entitled to appointed counsel and a free appellate record. 

The trial court shall cause the hearing to be transcribed.  So too shall it 1) execute findings of fact and conclusions of law addressing the foregoing issues, 2) cause to be developed a supplemental clerk’s record containing the findings of fact and conclusions of law and all orders it may issue as a result of its hearing on this matter, and 3) cause to be developed a supplemental reporter’s record transcribing the evidence and arguments presented at the aforementioned hearing.  Should it be determined that appellant wishes to prosecute the appeal, is indigent, and is entitled to an appointed attorney but has none, then the trial court shall appoint counsel, unless appellant knowingly and voluntarily waives counsel.  Furthermore, the name, address, and phone number of any counsel appointed by the trial court to represent appellant shall be included in the supplemental record.  The trial court shall also file both supplemental records with the clerk of this court on or before April 6, 2005.  Should further time be needed by the trial court to perform these tasks, then it must be requested before April 6, 2005. 

       It is so ordered. 

                                                                             Per Curiam 

 Do not publish.