NO. 07-05-0340-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



DECEMBER 16, 2005



______________________________


 

KERWIN GIBBS, APPELLANT



V.



ALLSUP'S CONVENIENCE STORES, INC. AND


FEDERATED MUTUAL INSURANCE COMPANY,


FEDERATED INSURANCE AN ASSUMED NAME


OF FEDERATED MUTUAL INSURANCE COMPANY


AND/OR FEDERATED SERVICES INSURANCE COMPANY


 AND DAWN WILLEFORD, APPELLEES


_________________________________



FROM THE COUNTY COURT AT LAW NO. 3 OF LUBBOCK COUNTY;



NO. 2005-597,010; HONORABLE PAULA LANEHART, JUDGE


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant, Kerwin Gibbs, filed a notice of appeal from an Order entered on June 24,
2005. The clerk's record was filed on October 21, 2005 and the reporter's record has not
been requested per the docketing statement filed by appellant. By letter dated November
29, 2005, the clerk of this court notified counsel for appellant that appellant's brief was due
November 21, 2005, but had yet to be filed. See Tex. R. App. P. 38.6(a). The letter further
advised appellant that the appeal would be subject to dismissal for want of prosecution if
the brief, or a response reasonably explaining the failure to file a brief with a showing that
appellee had not been injured by the delay, was not filed by December 9, 2005. No brief,
motion for extension or other response has been received.

 Accordingly, we now dismiss the appeal for want of prosecution and failure to
comply with a directive of the court. See Tex. R. App. P. 38.8(a)(1) and 42.3(b), (c). 


 Mackey K. Hancock

 Justice









nter">NO. 2006-1659-L; HON. RONALD WALKER, JR., PRESIDING


_______________________________

Memorandum Opinion

_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
          Appellant Heath James Grimes was convicted of misdemeanor theft of property
of the value of $50 or more but less than $500. On September 4, 2007, appellant filed
a notice of appeal. The State has filed a motion to permanently abate this appeal and
attached a death certificate stating that appellant died on January 5, 2008. At the time
of his death, no mandate from this appellate court had been issued.
          If an appellant in a criminal case dies after an appeal is perfected but before the
mandate of the appellate court is issued, the appeal should be permanently abated. Tex.
R. App. P. 7.1(a)(2). The death of an appellant during the pendency of his appeal deprives
an appellate court of jurisdiction. Hanson v. State, 790 S.W.2d 646 (Tex. Crim. App.
1990). The appeal and any further proceedings are ordered permanently abated.
 
                                                                           Brian Quinn
                                                                          Chief Justice

Do not publish.