

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1047-08

### EX PARTE JASON WAYNE HUNTER, Appellant

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SIXTH COURT OF APPEALS
### TITUS COUNTY

**PRICE, J., delivered the opinion for a unanimous Court.**

### O P I N I O N

When it was discovered early in the course of the appellant's trial for aggravated

sexual assault that one of the jurors had served on the grand jury that originally indicted him,

the trial court *sua sponte* declared a mistrial. The Texarkana Court of Appeals, with one

justice dissenting, held that the State's attempt to try the appellant a second time following

the mistrial violated double jeopardy.[1] We granted the State's petition for discretionary

review in order to decide whether the State satisfied its burden to establish manifest necessity

---

[1] *Ex parte Hunter*, 256 S.W.3d 900 (Tex.App.—Texarkana 2008).

for the mistrial.

Since we granted discretionary review, however, the appellant has died. The death of the appellant deprives this Court and the court of appeals of jurisdiction over the appeal.[2] Ordinarily under these circumstances, in which appeal has been perfected but the court of appeals has yet to issue its mandate, "the appeal will be permanently abated."[3] However, in *State v. McCaffrey*,[4] we carved out an exception to this disposition for cases in which the State is the appealing party. As Professors Dix and Dawson explain in their treatise:

> If a defendant dies during an appeal by the State from a pre-trial order, the Court of Criminal Appeals held in State v. McCaffrey, the appellate court should dismiss the appeal rather than abate it. Abatement is proper in appeals by convicted defendants, McCaffrey explained, because it avoids either result ordinarily reached after consideration of the merits. If the appeal were dismissed, the conviction would become final despite the lack of judicial consideration of the challenges to it. But when a defendant dies during the State's appeal, the death means that the appellate court's action would have no practical effect on matters below. Thus dismissal is appropriate.[5]

Here, the State was not the original appealing party. The trial court denied relief to the appellant from his pre-trial application for writ of habeas corpus, and he appealed that denial

---

[2] *E.g.*, *Rheinlander v. State*, 918 S.W.2d 527 (Tex. Crim. App. 1996); *Whitmire v. State*, 943 S.W.2d 894, 895 (Tex. Crim. App. 1997); *Jones v. State*, 944 S.W.2d 656 (Tex. Crim. App. 1997).

[3] Tex. R. App. P. 7.1(a)(2).

[4] 76 S.W.3d 392 (Tex. Crim. App. 2002).

[5] George E. Dix & Robert O. Dawson, 43A Texas Practice: Criminal Practice and Procedure § 43.442a (2d ed. 2001) (2008-2009 Supp.), at 297.

to the court of appeals. When the court of appeals sustained the appellant's double-jeopardy claim, the State petitioned this Court for review. Nevertheless, here, as in *McCaffrey*, the appellant's death has rendered all issues in the present appeal moot. A reversal of the court of appeals's judgment in this case would reinstate the trial court's ruling that the State could proceed to prosecute the appellant; but even so, as in *McCaffrey*, "the dead defendant could not be tried anew."[6] "No practical result" would ensue from a dismissal of the appeal,[7] which makes that, under the rationale of *McCaffrey*, the appropriate disposition rather than permanent abatement.

Accordingly, the State's petition for discretionary review and the underlying appeal are dismissed.

Delivered: September 16, 2009
Publish

---

[6] *McCaffrey*, *supra*, at 393, quoting *State v. Curl*, 28 S.W.3d 838, 841 (Tex. App.—2000, no pet.).

[7] *Id*.