IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1047-08






EX PARTE JASON WAYNE HUNTER, Appellant







ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SIXTH COURT OF APPEALS


TITUS COUNTY





 Price, J., delivered the opinion for a unanimous Court.

 

O P I N I O N 



 When it was discovered early in the course of the appellant's trial for aggravated
sexual assault that one of the jurors had served on the grand jury that originally indicted him,
the trial court sua sponte declared a mistrial. The Texarkana Court of Appeals, with one
justice dissenting, held that the State's attempt to try the appellant a second time following
the mistrial violated double jeopardy. (1) We granted the State's petition for discretionary
review in order to decide whether the State satisfied its burden to establish manifest necessity
for the mistrial.

 Since we granted discretionary review, however, the appellant has died. The death
of the appellant deprives this Court and the court of appeals of jurisdiction over the appeal. (2) 
Ordinarily under these circumstances, in which appeal has been perfected but the court of
appeals has yet to issue its mandate, "the appeal will be permanently abated." (3) However, in
State v. McCaffrey, (4) we carved out an exception to this disposition for cases in which the
State is the appealing party. As Professors Dix and Dawson explain in their treatise:

 If a defendant dies during an appeal by the State from a pre-trial order,
the Court of Criminal Appeals held in State v. McCaffrey, the appellate court
should dismiss the appeal rather than abate it. Abatement is proper in appeals
by convicted defendants, McCaffrey explained, because it avoids either result
ordinarily reached after consideration of the merits. If the appeal were
dismissed, the conviction would become final despite the lack of judicial
consideration of the challenges to it. But when a defendant dies during the
State's appeal, the death means that the appellate court's action would have no
practical effect on matters below. Thus dismissal is appropriate. (5)


Here, the State was not the original appealing party. The trial court denied relief to the
appellant from his pre-trial application for writ of habeas corpus, and he appealed that denial
to the court of appeals. When the court of appeals sustained the appellant's double-jeopardy
claim, the State petitioned this Court for review. Nevertheless, here, as in McCaffrey, the
appellant's death has rendered all issues in the present appeal moot. A reversal of the court
of appeals's judgment in this case would reinstate the trial court's ruling that the State could
proceed to prosecute the appellant; but even so, as in McCaffrey, "the dead defendant could
not be tried anew." (6) "No practical result" would ensue from a dismissal of the appeal, (7) which
makes that, under the rationale of McCaffrey, the appropriate disposition rather than
permanent abatement.

 Accordingly, the State's petition for discretionary review and the underlying appeal
are dismissed.


Delivered: September 16, 2009

Publish
1. Ex parte Hunter, 256 S.W.3d 900 (Tex.App.--Texarkana 2008).
2. E.g., Rheinlander v. State, 918 S.W.2d 527 (Tex. Crim. App. 1996); Whitmire v. State, 943
S.W.2d 894, 895 (Tex. Crim. App. 1997); Jones v. State, 944 S.W.2d 656 (Tex. Crim. App. 1997).
3. Tex. R. App. P. 7.1(a)(2).
4. 76 S.W.3d 392 (Tex. Crim. App. 2002).
5. George E. Dix & Robert O. Dawson, 43A Texas Practice: Criminal Practice and
Procedure § 43.442a (2d ed. 2001) (2008-2009 Supp.), at 297.
6. McCaffrey, supra, at 393, quoting State v. Curl, 28 S.W.3d 838, 841 (Tex. App.--2000, no
pet.).
7. Id.