In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00014-CR


______________________________




KRISTEEN BROOKE ADAMS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the County Court


 Franklin County, Texas


Trial Court No. 11028




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 At Kristeen Brooke Adams' jury trial for misdemeanor assault, testimony conflicted
concerning whether Adams struck Cristi Haley in the face during their confrontation, which related
to some spousal support checks. Also placed into evidence, over Adams' objection, was testimony
that, during some unspecified three-year period, Adams had worked as a dancer. 

 Adams was convicted of assault, a class A misdemeanor. The trial court assessed her
punishment at 180 days' confinement, probated for one year, and a $1,500.00 fine. Adams appeals
with a single point of error asserting error in the admission of the testimony that Adams was a
dancer. Because no error was preserved for our review, we affirm the judgment of the trial court.

 The record shows that Adams testified about the confrontation, explaining her version of
events and claiming that she did not strike Haley. Adams was then questioned by counsel and
testified briefly about her own background: that she had worked in law enforcement as a dispatcher
and a jailer and had learned how to handle herself while dealing with violent individuals or mental
cases in that setting.

 On cross-examination, the State questioned Adams at length about the incident and then
questioned her about her various employments. In response, Adams testified in greater detail about
her work history: approximately two years working in law enforcement as a dispatcher and jailer,
six and a half years as a dental assistant, and the last year or two owning and operating a café. The
State then asked her if she had worked as a dancer. (1) She answered that she had, but then she asked
the State what that was relevant to. After an exchange among counsel and the trial court, Adams'
counsel objected generally to the question, but the objection was overruled. 

 To preserve error for appellate review: (1) the complaining party must make a timely
objection specifying the grounds for the objection, if the grounds are not apparent from the context;
(2) the objection must be made at the earliest possible opportunity; and (3) the complaining party
must obtain an adverse ruling from the trial court. See Tex. R. App. P. 33.1(a)(1); Saldano v. State,
70 S.W.3d 873, 887 (Tex. Crim. App. 2002). Further, an objection based on one legal theory may
not be used to support a different legal theory on appeal. Wilson v. State, 71 S.W.3d 346, 349 (Tex.
Crim. App. 2002); Rogers v. State, No. 06-08-00133-CR, 2009 WL 1811081 (Tex.
App.--Texarkana June 26, 2009, pet. filed).

 For two reasons, the error here urged has not been preserved. First, by the time the objection
was made, not only had the answer been given, but an intervening discussion had taken place. Thus,
the objection was not timely. Second, there is no basis for the objection stated. Adams refers to a
motion in limine to demonstrate that the trial court understood the objection; but neither the written
motion in limine, nor the related discussion before the trial court raises the issue now argued or even
refers to anything concerning Adams' work as a dancer. The contention now raised on appeal has
not been preserved for our review.

 We affirm the judgment of the trial court.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: November 18, 2009

Date Decided: November 19, 2009


Do Not Publish


1. Adams argues that the State was attempting to impeach the witness on a collateral
matter--and points out that courts have specifically held that past employment as an exotic dancer
is indeed collateral. Rankin v. State, 41 S.W.3d 335, 343-44 (Tex. App.--Fort Worth 2001, pet.
ref'd). Although counsel argues prejudice because the evidence was that she was an exotic dancer,
that is not what was actually said. She testified that she had been a dancer.


alse" Priority="64" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium Shading 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00182-CR

                                                ______________________________

 

 

                                         WILLIAM SCOTT,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 217th
Judicial District Court

                                                           Angelina County, Texas

                                                         Trial Court
No. CR-27774

 

                                                    
                                              

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            William
Scott was adjudicated guilty in Angelina County[1]
of indecency with a child and sentenced to ten years imprisonment.  Scott filed his notice of appeal September 3,
2010.

            This
Court has now been informed that Scott has died.

 

            The death of
an appellant during the pendency of his or her appeal deprives this Court of
jurisdiction.  Tex. R. App. P. 7.1(a)(2); Whitmire v. State, 943 S.W.2d 894 (Tex. Crim. App. 1997); Rheinlander v. State, 918 S.W.2d 527,
528 (Tex. Crim. App. 1996).

            Accordingly,
we permanently abate this appeal.

 

 

 

 

                                                                        Josh
R. Morriss, III

                                                                        Chief
Justice

 

Date Submitted:          April
7, 2011

Date Decided:             April
8, 2011

 

Do Not Publish           

            

 

 

 

 











[1]This
case was transferred to this Court from the Tyler Court of Appeals as part of
the Texas Supreme Courts docket equalization program.  Tex.
Govt Code Ann. § 73.001 (Vernon 2005). 
We are not aware of any conflict between the precedent of the Tyler Court
and the precedent of this Court on any issue relevant in this appeal.  See Tex. R. App. P. 41.3.