# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00483-CV

**In re Richard Bradley**

## ORIGINAL PROCEEDING FROM TOM GREEN COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Richard Bradley, an inmate in the Texas Department of Criminal Justice, filed a pro se petition for writ of mandamus alleging that he is entitled to have his conviction set aside. Bradley argues that his original judgment was void because the trial court lacked jurisdiction, and a subsequent nunc pro tunc judgment, based on the allegedly void original judgment, was also void.

Although styled as a writ of mandamus, the relief Bradley seeks amounts to relief that is available through a writ of habeas corpus under article 11.07 of the code of criminal procedure. *See* Tex. Code Crim. Proc. Ann. art. 11.07, § 3 (West Supp. 2011); *Ex parte Sanchez*, 918 S.W.2d 527, 527 (Tex. Crim. App. 1996) ("Habeas corpus is reserved for those instances in which there is a jurisdictional defect in the trial court which renders the judgment void . . . ."). Jurisdiction to grant post-conviction habeas relief in felony cases rests exclusively with the Texas Court of Criminal Appeals. *See* Tex. Code Crim. Proc. Ann. art. 11.07, §§ 3, 5; *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995). We are therefore without jurisdiction to consider Bradley's petition. *See In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding); *see also In re Morris*, No. 03-10-

00559-CV, 2010 WL 3719269, at *1-2 (Tex. App.—Austin Sept. 23, 2010, orig. proceeding) (mem. op., not designated for publication) (denying request for mandamus relief challenging allegedly void sentence).

Accordingly, we deny the petition.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Filed:   August 15, 2012