

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-22-00033-CR

_____

LORENZA DONDRA ANDREWS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th District Court
Cass County, Texas
Trial Court No. 2020F00251

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Justice Stevens

# MEMORANDUM OPINION

A Cass County jury convicted Lorenza Deondra Andrews of murder and recommended a sentence of sixty years' imprisonment. The trial court sentenced Andrews in accordance with the jury's recommendation, and Andrews timely filed a notice of appeal on March 11, 2022. After filing that notice of appeal, Andrews died.

The Court of Criminal Appeals has stated, "We have long held that the death of the appellant during the pendency of his appeal deprives the court of jurisdiction[,] and the proper disposition is [permanment] abatement."[1] *State v. McCaffrey*, 76 S.W.3d 392, 392 (Tex. Crim. App. 2002); *see* TEX. R. APP. P. 7.1(a)(2); *Whitmire v. State*, 943 S.W.2d 894, 895 (Tex. Crim. App. 1997) (en banc) (per curiam).

Accordingly, we permanently abate this appeal.

Scott E. Stevens
Justice

Date Submitted:     October 18, 2022
Date Decided:       October 19, 2022

Do Not Publish

---

[1]Appellant's counsel filed a motion to dismiss this appeal due to Andrews's death. We hereby deny that motion as dismissal and permanent abatement are separate and distinct dispositions. *See Vargas v. State*, 659 S.W.2d 422, 423 (Tex. Crim. App. 1983) (en banc) (per curiam) (detailing why permanent abatement, rather than dismissal, is proper disposition when appellant dies while appeal is pending).