

**IN THE
TENTH COURT OF APPEALS**

No. 10-22-00379-CR

MARKQUAL DARNELL PALACIO,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 52nd District Court
Coryell County, Texas
Trial Court No. 15-22749

## OPINION

Appellant, Markqual Darnell Palacio, was indicted for the offense of aggravated robbery. *See* TEX. PENAL CODE ANN. § 29.03. Pursuant to a plea bargain with the State, Palacio pleaded guilty to the lesser-included offense of attempted robbery. The trial court accepted Palacio's guilty plea and placed him on deferred adjudication community supervision for ten years and assessed a $2,500 fine, $254 in court costs, and $50 in restitution. Palacio did not appeal the trial court's Order of Deferred Adjudication.

Thereafter, the trial court signed two orders modifying the conditions of Palacio's supervision. Because Palacio did not comply with the terms and conditions of his supervision, the State filed a motion to adjudicate guilt and revoke community supervision. In its motion, the State alleged that Palacio violated the terms and conditions of his supervision by committing the offense of driving while intoxicated and failing "to avoid injurious and vicious habits, refrain from purchasing, possessing, owning, consuming, and/or using alcoholic beverages, to include any 'Non-Alcoholic Beer Substitutes' such as Sharps, etc. . . . ."

At the hearing on the State's motion to adjudicate guilt and revoke community supervision, Palacio pleaded "true" to both of the State's allegations. The trial court accepted Palacio's pleas, found the allegations made by the State to be true, revoked Palacio's supervision, and sentenced him to eight years in the Institutional Division of the Texas Department of Criminal Justice. The trial court certified Palacio's right to appeal the revocation of his deferred adjudication community supervision, and this appeal followed.

**Background of this Appeal**

Palacio's appointed counsel filed a motion to withdraw and an *Anders* brief in support of the motion asserting that he had diligently reviewed the appellate record and that, in his opinion, the appeal is frivolous. *See generally Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). However, in his *Anders* brief, appointed counsel

challenged the assessment of $1,893 in "District Court Fines." Specifically, appointed counsel argued that the $1,893 in "District Court Fines" should be deleted from the judgment and bill of costs because they were not orally pronounced when he was adjudicated.

A review of the record shows that in its Order of Deferred Adjudication, the trial court assessed a $2,500 fine, $254 in court costs, and $50 in restitution. The bill of costs corresponding with the Order of Deferred Adjudication reflected, among other things, $2,500 in "District Court Fines."

Despite the foregoing, the judgment adjudicating guilt indicated that $1,893 in "Court Costs" were assessed. The certified bill of costs corresponding with the judgment adjudicating guilt reflected that $2,393 in "District Court Fines" had been assessed, $500 had been paid, and $1,893 was still owed by Palacio.

Because we were unsure whether the subject of Palacio's complaint—the assessment of $1,893—pertained to court costs or was the remaining balance owed on the $2,500 imposed fine, we abated this appeal and remanded this cause to the trial court to: (1) determine if the $1,893 in "District Court Fines" are actually court costs or if they are the remaining balance owed on the $2,500 fine that corresponded with the judgment placing Palacio on deferred adjudication community supervision; and (2) correct the judgment and bill of costs if any error exists with regard to the $1,893 in "District Court Fines." *See Welch v. State*, 668 S.W.3d 54, 56 (Tex. App.—Waco 2022, order) (abating an

appeal and remanding to the trial court to reconsider the assessment of court costs where the alleged errors in the assessment of court costs prevents the proper presentation of the case to the appellate court). The trial court conducted a hearing and determined that the $1,893 in "District Court Fines" reflected the balance owed on the $2,500 fine that corresponded with the judgment placing Palacio on deferred adjudication community supervision. And because no fine was orally pronounced at the time Palacio's community supervision was revoked and he was sentenced to a term in prison, the trial court signed a Judgment Adjudicating Guilt Nunc Pro Tunc to delete the assessment of $1,893 from both the judgment and bill of costs, thereby resolving the complaint raised by Palacio in his *Anders* brief.

"In order to address an issue on appeal, an appellate court must be presented with a justiciable controversy." *Glover v. State*, 406 S.W.3d 343, 350 (Tex. App.—Amarillo 2013, pet. ref'd). "The courts of appeals are without jurisdiction to entertain an appeal wherein all the issues sought to be resolved by the court are moot." *State v. Curl*, 28 S.W.3d 838, 841 (Tex. App.—Corpus Christi 2000, no pet.). Because the trial court's Judgment Adjudicating Guilt Nunc Pro Tunc resolved Palacio's complaint about the assessment of $1,893, we conclude that the complaint is moot. *See Glover*, 406 S.W.3d at 350; *see also Curl*, 28 S.W.3d at 841. We overrule Palacio's sole issue on appeal.

**Appointed Counsel's Supplemental Brief**

In a supplement brief, Palacio's appointed counsel acknowledges that the complaint about the assessment of $1,893 is moot but argues that his remaining issue is not moot. A review of Palacio's original *Anders* brief reveals that appointed counsel did not raise any other issues. Instead, what Palacio's appointed counsel appears to contend in his supplemental brief is that Palacio is entitled to an independent review of his conviction and sentence under *Anders*.

As noted above, the trial court concluded that the $1,893 in "District Court Fines" reflected the balance owed on the $2,500 fine that corresponded with the judgment placing Palacio on deferred adjudication community supervision. A fine constitutes punishment and is part of a defendant's sentence. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011) ("Fines are punitive, and they are intended to be a part of the convicted defendant's sentence as they are imposed pursuant to Chapter 12 of the Texas Penal Code, which is entitled 'Punishments.'" (citing *Weir v. State*, 278 S.W.3d 364, 366 (Tex. Crim. App. 2009))); *State v. Crook*, 248 S.W.3d 172, 174 (Tex. Crim. App. 2008) (holding that a fine is a part of the sentence). In *Allison v. State*, this Court noted:

> To comply with the Constitutional protections underpinning the United States Supreme Court's decision in *Anders v. California*, appointed counsel must argue an issue that raises a non-frivolous issue or, pursuant to *Anders*, file a motion to withdraw and a brief in support of the motion to withdraw. The non-frivolous issue must be an issue that would impact the judgement [sic] of conviction or the punishment and not merely a non-reversible issue, such as court costs or recitations in the judgment, which can be corrected within the *Anders* context.

609 S.W.3d 624, 625 (Tex. App.—Waco 2020, order). The *Allison* Court further explained that: (1) an issue is frivolous if it presents no reversible error; and (2) reversible error is error that could result in the reversal or modification, in whole or in part, of the conviction or punishment imposed. *Id.* at 628.

Because he challenged the assessment of a fine, which is part of the sentence imposed, appointed counsel raised a non-frivolous merits issue involving reversible error. *See Cummins v. State*, 646 S.W.3d 605, 619 n.10 (Tex. App.—Waco 2022, pet. ref'd) (noting that where appointed counsel filed an *Anders* brief challenging the assessment of a $500 fine should have been considered a merits brief for which an *Anders* independent review is inappropriate because a complaint about a fine is a merits issue involving reversible error that impacted the sentence imposed (citing *Vaughn v. State*, Nos. 10-17-00275-CR & 10-17-00276-CR, 2018 Tex. App. LEXIS 1888, at *2 (Tex. App.—Waco Mar. 14, 2018, no pet.) (mem. op., not designated for publication))); *Allison*, 609 S.W.3d at 628; *see also Armstrong*, 340 S.W.3d at 767; *Crook*, 248 S.W.3d at 174. And consistent with the precedent of this Court, we conclude that appointed counsel's original brief was really a merits brief raising a non-frivolous issue involving reversible error, which precludes this Court from conducting an independent review of the record under *Anders*.[1] *See Cummins*, 646 S.W.3d at 619 n.10.

---

[1] We recognize that the application of our precedent in *Allison* and *Cummins* to this case where the ambiguous treatment of the assessment of $1,893 in terms of whether it was a court cost or the remaining

**Conclusion**

Because we have concluded that Palacio's sole complaint on appeal is moot, we dismiss this appeal and counsel's motion to withdraw for lack of jurisdiction.


STEVE SMITH
Justice


Before Chief Justice Gray,
        Justice Johnson,
        and Justice Smith
(Chief Justice Gray dissenting)
Appeal dismissed
Opinion delivered and filed December 28, 2023
Publish
[CR25]



---

balance owed on a fine may appear to be unjust. *See Cummins v. State*, 646 S.W.3d 605, 619 n.10 (Tex. App.—Waco 2022, pet. ref'd); *see also Allison v. State*, 609 S.W.3d 624, 625 (Tex. App.—Waco 2020, order). However, we note that as a result of the abatement procedure outlined in *Welch*, Palacio obtained the relief he sought—the modification of the judgment and bill of costs to delete the assessment of $1,893. *See Welch v. State*, 668 S.W.3d 54, 56 (Tex. App.—Waco 2022, order).