

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-26-00100-CR

## EX PARTE GABRIEL LEE BACA

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. W-26,003-C-2, Honorable Ana Estevez, Presiding

April 30, 2026

## MEMORANDUM OPINION

Before DOSS and YARBROUGH and PRATT, JJ.

The State of Texas appeals from the trial court's order granting habeas corpus relief to Gabriel Lee Baca under article 11.072 of the Code of Criminal Procedure. We dismiss the appeal for want of jurisdiction.

In 2017, Baca was placed on deferred adjudication community supervision for two counts of sexual assault of a child[1] and was required to register as a sex offender.

---

[1] *See* TEX. PENAL CODE § 22.011.

Although he was discharged from community supervision in 2025, he remains subject to a lifetime sex-offender registration requirement.

On January 19, 2026, Baca filed an article 11.072 application for writ of habeas corpus, asserting that the lifetime registration requirement was unconstitutional as applied to him. The trial court, thereafter, issued a sequence of conflicting orders addressing his application. On February 17, 2026, the trial court signed an order denying Baca's application as frivolous.[2] The following day, February 18, the trial court signed a new order granting the habeas application, vacating Baca's order of deferred adjudication, and terminating the lifetime registration requirement. The State immediately appealed the February 18 order. Days later, on February 24, the trial court signed a third order, vacating the February 18 order—noting that it had been mistakenly signed—and reinstating the February 17 order denying Baca's application as frivolous. Baca filed a motion for reconsideration and a notice of appeal from all three orders. The State's and Baca's appeals were docketed separately.[3]

Because the trial court vacated its February 18 order granting relief, we directed the parties to address whether the State's appeal is now moot. The State contends that the trial court was without authority to vacate a dispositive order under article 11.072, arguing that the trial court lacks plenary power in post-conviction habeas proceedings.

---

[2] See TEX. CODE CRIM. PROC. art. 11.072, § 7 ("If the court determines from the face of an application or documents attached to the application that the applicant is manifestly entitled to no relief, the court shall enter a written order denying the application as frivolous.").

[3] Baca's appeal from the three orders was docketed in cause 07-26-00148-CR.

Baca also urges the Court to proceed with the State's appeal from the February 18 order while abating his own appeal.[4]

In criminal cases, a trial court's plenary power expires after sentencing and adjournment for the day unless, within thirty days, the defendant files a motion for new trial or a motion in arrest of judgment. *See* TEX. R. APP. P. 21.4, 22.3; *State v. Aguilera*, 165 S.W.3d 695, 697–98 (Tex. Crim. App. 2005). We have found no authority addressing the scope of a trial court's plenary power following disposition of a habeas application, and article 11.072 is silent on the issue. Article 11.072 nevertheless imposes a deadline for disposition of the application: the trial court must enter a written order granting or denying relief no later than the 60th day after the State files its answer to the application for writ of habeas corpus. *See* TEX. CODE CRIM. PROC. art. 11.072, § 6. The State filed its answer to Baca's habeas application on February 17, 2026, making the trial court's deadline to dispose of the application April 18, 2026. Each of the three orders at issue was signed within the statutory window.

We need not, however, resolve the unsettled question of whether, or to what extent, the trial court retained plenary authority after its initial denial of relief as frivolous. If plenary power expired upon the issuance of the February 17 order, then the February 18 and February 24 orders are void, leaving the February 17 order as the only effective

---

[4] Baca contends that the February 18 order granting relief and containing findings of fact and conclusions of law is the operative final disposition, citing to *Ex parte Ali*, Nos. 03-10-00206-CR, 03-10-00207-CR, 2010 Tex. App. LEXIS 10018, at *6 (Tex. App.—Austin Dec. 16, 2010, no pet.) (mem. op., not designated for publication). In *Ali*, the appellate court held that when a trial court denies habeas relief without finding the application frivolous on its face, it must reach the merits and support its ruling with findings of fact and conclusions of law. *Id.; see also* TEX. CODE CRIM. PROC. art. 11.072, § 7. That circumstance is not present here. The February 17 order expressly concludes that Baca's application is frivolous. Accordingly, *Ex parte Ali* is inapposite.

3

order.  If plenary power continued—either for thirty days as a result of Baca filing a motion for reconsideration or until April 18, 2026, under article 11.072, § 6—the trial court's February 24 order, which vacated the February 18 order and reinstated the February 17 order, governs the disposition.  In either event, there is no live controversy regarding the February 18 order from which the State appeals.

For these reasons, the State's appeal from the February 18 order is moot.  *See Mosley v. State*, Nos. 01-08-00503-CR, 01-08-00504-CR, 2009 Tex. App. LEXIS 2107, at *2 (Tex. App.—Houston [1st Dist.] Mar. 26, 2009, no pet.) (per curiam) (mem. op., not designated for publication) (dismissing appeal from vacated habeas order as moot).  We, therefore, lack jurisdiction to consider it*.  See State v. Curl*, 28 S.W.3d 838, 841 (Tex. App.—Corpus Christi–Edinburg 2000, no pet.) (en banc) ("The courts of appeals are without jurisdiction to entertain an appeal wherein all issues are moot.").

Consequently, we dismiss the State's appeal for want of jurisdiction.[5]

Per Curiam

Do not publish.

---

[5] Baca's appeal in cause number 07-26-00148-CR shall proceed in due course.

4